(129 So. 526)

CLEMENTS et al. v. LUBY OIL CO., Inc.

In re LUBY OIL CO., Inc.

No. 30514.

May 5, 1930.

Rehearing Denied June 2, 1930.

John B. Files and Cook & Cook, all of Shreveport, for applicant.

Foster, Hall, Barret & Smith, of Shreveport, for respondents.

OVERTON, J.

This case comes before us on a writ of review from a judgment of the Court of Appeal, Second Circuit, affirming, with a minor exception, a judgment of the district court of the parish of Caddo, awarding Mrs. Evie Clements, widow of William E. Clements, deceased, compensation for the death of the husband of the widow and the father of her two minor children, under the Employers' Liability Act (Act No. 20 of 1914, as amended).

The case grows out of the following facts: The partnership of Clements & Lester, of which the deceased was a member, was engaged in the business of constructing derricks. The firm not only employed labor to assist it in the construction of derricks, but the members thereof were in the habit of performing manual labor on the derricks, which it had contracted to build. The firm had been constructing derricks for defendant for several years, and there was every reason to believe that defendant knew of this habit.

In the year 1927, the firm entered into a contract with defendant to construct an oil derrick, defendant to furnish the material for its construction, and to pay the firm, upon the completion of the derrick, $65 for building it. In erecting the derrick, the firm employed three laborers to work upon it, and the members of the firm also worked upon the derrick. While the derrick was in process of construction, Clements, while working upon it, stepped upon a brace at a height of 34 feet. The scaffolding broke under his weight, and he fell to the floor of the derrick, receiving injuries from which he died the following day. The accident was apparently due to the defective condition of the piece of timber that broke, which consisted of a 2x6 board, supplemented by another piece, which Clements had obtained to strengthen the board, measuring 1x4 inches in thickness and width.

The defense to the demand for compensation is that the firm of which Clements was a member was an independent contractor, and hence that, being a member of the firm at the time of the accident, the accident does not fall within the provisions of the Employers' Liability Act, which excepts accidents happening to independent contractors. On the other hand, plaintiffs urge that Clements, as a member of the contracting firm, was not an independent contractor, for the reason that he was doing manual labor on the derrick at the time of the accident, and further for the reason that defendant retained a measure of control over the means of doing the work by furnishing the material for the construction of the derrick.

Act No. 85 of 1926, which is an amendment to the Employers' Liability Act, defines who is presumed to be an employee, under the pro-

visions of the act, and who is an independent contractor thereunder, as follows:

"A person rendering service for another in any of the trades, businesses or occupations covered by this act (other than as an independent contractor, which is expressly excluded hereunder) is presumed to be an employee under this Act. The term 'independent contractor' shall be considered to mean, for the purpose of this act, any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished." Section 3, subsec. 8.

■ There is nothing whatever in the contract between Clements & Lester and defendant, which retains the right in the latter either to require the members of the firm of Lester & Williams to do manual labor on the derrick or to prohibit them from doing so. The contract left it purely optional with them to do manual labor upon it or not as they saw proper. Under its terms they were not employed to perform such labor. The work they performed was purely for the benefit of the firm. Its object was to increase the profits of the firm by saving it the expense of employing and paying additional laborers. The circumstance that the members of the firm exercised their right of doing manual work on the derrick, without suggestion or interference on the part of defendant, did not make them defendant's laborers. Also the fact that defendant, by its contract, bound itself to furnish the material for the construction of the derrick, and furnished it, did not place the means by which the result was to be accomplished under the control of defendant, but left the firm of Clements & Lester wholly free to execute the contract with the material furnished, according to their own

methods. At best the fact that the contractor is to furnish the material and does so is only one of a number of circumstances to be considered in determining whether he is an independent contractor. Standing alone, as it does here, that fact throws very little light upon the question, and is wholly insufficient to destroy the independence of the contractor. This ruling is not in conflict with Dick v. Gravel Logging Co., Inc., 152 La. 993, 95 So. 99, where, in defining an independent contractor, it is said that the furnishing of material is a fact to be considered in deciding the question of the independency of the contractor.

■■ We have carefully examined the authorities cited by plaintiffs, but we fail to find that they support plaintiffs' contentions. Even under a liberal construction of the statute in favor of the alleged employee, to which the question here presented is entitled, we are unable to hold that Clements was an employee of defendant. We find that the record discloses that Clements, as a member of the firm of Clements & Lester, was an independent contractor; that the firm of which he was a member employed, paid, and discharged its own workmen, who were under the firm's control; that there existed a contract for the building of the derrick; and that the only control that plaintiff had over the work was as to its result, and not as to the means by which such result was to be accomplished. Therefore there can be no recovery under the Employers' Liability Act.

Plaintiffs, however, have an alternative demand for damages, based upon the theory that, if it be held they are not entitled to recover under the Employers' Liability Act, then that defendant is liable in damages for breach of warranty; the breach consisting in the furnishing of defective material for the construction of the derrick. However, the Court of Appeal, in view of the conclusion reached

 

by it, found it unnecessary to pass upon that demand. We think that the case should be remanded to that court to enable the court to pass upon that demand, now that the demand under the Employers' Liability Act has been disposed of.

For the reasons assigned, the judgment under review, as well as that of the district court, is set aside, and plaintiffs' demand under the Employers' Liability Act is rejected, and the case is remanded to the Court of Appeal to be decided on the alternative demand for damages, the costs of this writ to be paid by plaintiffs, and the costs of appeal and of the district court to abide the final determination of the alternative demand.

O'NIELL, C. J., dissents from refusal to grant a rehearing.