**HATTEN v. HAYNES et al.** *
No. 4316.

Court of Appeal of Louisiana. Second Circuit.
June 15, 1932.

*Rehearing denied June 29, 1932.

Theus, Grisham, Davis & Leigh and Geo. Gunby, all of Monroe, for appellants.

Dhu Thompson, of Monroe, for appellee.

DREW, J.

Plaintiff sued for compensation at the rate of $20 per week for a period of three hundred weeks, with 5 per cent. per annum interest on each weekly payment, and $250, hospital and medical fees, with 5 per cent. per annum interest from judicial demand until paid.

He alleged that W. Green Haynes was a subcontractor of the Lerner Stores Corporation under a contract wherein the subcontractor agreed to furnish labor and material for all lathing, plastering, and concrete work called for in the plans and specifications for the alternation of a store building located at municipal No. 228 De Siard street, in the city of Monroe, La.

Plaintiff further alleged that the Lerner Stores Corporation carries on, as a part of its trade and business, a construction organization and department, with its own architect and supervisor, under which it repairs, constructs, and erects buildings.

He alleged he was employed by the said subcontractor, Haynes, and at the time of the accident and injury, he was engaged in the work of his employment as a plasterer, which work was being done by the subcontractor, Haynes, and the general contractor, Lerner Stores Corporation, in the course of their work, trade, business, or occupation.

Plaintiff further alleged that on April 23, 1931, while standing on a scaffold, prepared for him to work on, and putting on lathing in the building under construction, through a defect in said scaffold, he was thrown or fell to the floor, seven or eight feet below, and suffered a compound fracture of the right arm. He alleged that, due to the break and as a result thereof, he is incapacitated to do any work of a reasonable character and is entitled to compensation at the rate of $20 per week, for three hundred weeks, and for hospital and doctor's fees in the amount of $250. He further alleged two payments of $20 each had been made by defendant Haynes. He alleged his wages at the time of the accident were $8 per day.

Both defendants interposed exceptions of no cause of action and no right of action, which were overruled.

Defendant Haynes, in answer, denied liability under the Workmen's Compensation Act of Louisiana, and alleged that plaintiff was not an employee of his, but was an independent contractor.

Defendant Lerner Stores Corporation denied liability, alleging that plaintiff was an independent contractor, and set up the further defense that its principal trade, business, and occupation is that of a retail merchant, selling dry goods and merchandise to the general public, and that the repair, construction, or alteration of buildings is not in any manner connected with its trade, business, or occupation. It further alleged that it was not the owner of the storehouse which was being repaired, but that it is using said building under a lease.

The lower court rendered judgment in favor of plaintiff against both defendants in solido, finding that the plaintiff had partially permanently lost the use of function of the right hand to the extent of 90 per cent., and awarded him $18 per week for a period of one hundred and fifty weeks, beginning April 30, 1931, with 5 per cent. per annum interest on each weekly installment from the due date until paid; and for the further sum of $250, medical expenses, with 5 per cent. per annum interest from judicial demand until paid, less $40 paid to plaintiff by defendant Haynes. From this judgment, both defendants have appealed.

■ The exceptions of no cause and no right of action are not urged in this court, either in oral argument or brief, and we therefore consider them as abandoned.

Lerner Stores Corporation, lessee of the plaintiff, at 228 De Siard street, Monroe, La., were repairing and making alterations in the building. A part of the work was being performed by their own construction force. It entered into a contract with W. Green Haynes whereby he was to furnish the labor and material for all lathing and plastering and all concrete work called for in the plans and specifications prepared by the architect of the Lerner Stores Corporation. The price agreed upon was $1,715.

Haynes entered into a contract with plaintiff whereby plaintiff agreed to erect the channel iron and lathing and furnish all ma-

terials and labor necessary for the vestibule of the Lerner Store, and to put it in so the plaster could be put on according to specifications. The price agreed upon was $58, for a completed job. Plaintiff submitted to defendant Haynes, after studying the specifications and plans, two propositions; one, for a completed job, as above set out, for a price of $58, or to work by the hour at $1 per hour. The former proposition was accepted. Plaintiff was not carried on the pay roll and no supervision of any kind was had over him by defendants. Under the contract, he worked when he pleased and quit when he pleased. He had the right to perform the work himself or to hire it done. The only thing required of him was to complete the job in accordance with specifications. Plaintiff purchased the necessary materials and paid for them without in any manner consulting the defendants.

Plaintiff testified that the only control defendant Haynes had over his work was as to results. Plaintiff was an independent contractor. James v. Hillyer-Deutsch-Edwards, Inc., 15 La. App. 71, 130 So. 257; Beck v. Dubach Lumber Co., 171 La. 423, 131 So. 196; Clements v. Luby Oil Co., 170 La. 910, 129 So. 526.

Plaintiff contends that, although he was an independent contractor, he had completed his contract and at the time he was injured, was not working under the original contract, but as an employee of defendant Haynes. The facts are that, after plaintiff thought he had finished his contract and left the job, some minor defects were discovered and he was called back to correct them. He corrected the defects pointed out and went to another job on the Francis Hotel building. The plasterers began work and, after putting on part of the plaster, it was found necessary to knock the plaster off and, in doing so, some of the lathing became untied. Plaintiff was sent for to retie the laths. While at this work and after having worked about two hours, the accident occurred. He would have finished the repairing in about fifteen or twenty minutes more time.

The testimony as to why the plaster had to be knocked off is conflicting. Plaintiff claims it was due to errors of the plasterer, and the plasterer claims it was due to the laths not having the right pitch, and, therefore, the fault of plaintiff in putting on the laths.

■ Plaintiff, having been held to be an independent contractor putting on said laths, and went back to work on the same job, the burden is on him to show that he was not still working as an independent contractor. He contends that, although he was an independent contractor on this particular job, that the contract had ended and a new employment begun. He must prove it with a preponderance of testimony.

■■ If the plaster was knocked off, thereby loosening the laths, due to his failure to put the laths on properly, he necessarily was engaged in the same work which he had contracted to perform according to specifications, and was at the time performing services as an independent contractor. He must disprove this fact in order to recover, and he has not overcome this burden.

A strong corroboration that plaintiff did not expect to be paid extra for the work he was performing when injured is that at the time he came back to retie the lathing, there was no agreement as to what he should receive and he was not paid the $58—the agreed price for the job—until about one week after the accident. He accepted it and has failed to make further demands for pay for the two hours he worked on the day of the accident. He makes no demand in this suit.

■ Haynes testified, without contradiction, that it was customary for subcontractors to rectify minor errors, regardless of who caused them. Plaintiff contends that defendant knew that he regularly received $1 per hour for his work, and that there was an implied contract to pay him at the rate of $1 per hour for this extra work. We do not think the record warrants us in so holding. However, if we should hold that plaintiff was entitled to extra pay for the services he rendered in retying the lathing knocked off by removing the plaster, that had been improperly put on, it would not be based upon a separate or new contract, but would be for extra work on the same contract and would not take him out of the category of an independent contractor. Bell v. Lieber et al., 169 La. 731, 125 So. 871; Ketteringham v. Eureka Homestead Society, 140 La. 176, 72 So. 916.

We therefore conclude that at the time of the accident in which plaintiff was injured, he was not an employee of defendant. He was an independent contractor and not entitled to compensation, under Act No. 20 of 1914, and amendments thereto.

It is unnecessary to discuss the other defenses set up by the Lerner Stores Corporation.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be reversed, and the demands of plaintiff rejected, at his cost.