## MIGUES v. RAPIDES PARISH SCHOOL BOARD.

### No. 4890.

Court of Appeal of Louisiana. Second Circuit.

Jan. 9, 1935.

L. R. Provosty and W. C. Roberts, both of Alexandria, for appellant.

A. V. Hundley and Ben F. Thompson, Jr., both of Alexandria, for appellee.

DREW, Judge.

On January 14, 1929, plaintiff, while painting the smokestack of the Bolton High School, of Alexandria, fell and received severe injuries. On August 24, 1929, he filed suit under article 2315 of the Revised Civil Code against the Rapides parish school board, claiming damages in the sum of $50,765.10.

On September 6th following, the school board filed an exception of no cause of action, no right of action; that it was a suit against the state of Louisiana and a case in which the state had not given its consent to be sued.

No further action was taken in the case until April 19, 1933, at which time the attorney who filed the suit withdrew from the case and the present attorneys were substituted to represent plaintiff. On April 20, 1933, a supplemental petition was filed in which the allegations of the original petition were adopted and further allegations made, in the alternative, to bring the case under the Workmen's Compensation Law of Louisiana (Act No. 20 of 1914, as amended).

To this supplemental petition defendant filed a plea of prescription of one year. The plea was overruled by the lower court. Answer was then filed by defendant in which the allegations of the original petition were denied, and, as to the supplemental petition, the defense of independent contractor was urged.

After trial on the merits, the exceptions of no cause of action and no right of action were overruled, and judgment rendered rejecting plaintiff's demands. Plaintiff has appealed to this court. The appeal has not been answered by the defendant.

Since we have concluded that the defense of independent contractor is good, it is unnecessary for us to pass upon the exception of no cause or right of action, plea of prescription, or to discuss whether we would be justified in passing on them, since the defendant has neither appealed nor answered the appeal.

Plaintiff is a painter by trade, and most of his work consists of painting high objects. He is what is generally known as a steeplejack. He applied to the superintendent of schools for the parish of Rapides for the job of painting the smokestack of the Bolton High School; and agreed with the superintendent to furnish the paint, the necessary implements, and to do the job for $45. Under the contract, he was not required to work any particular number of hours, and could have taken any reasonable length of time to complete the job. He could have hired the work done, if he had wished to do so. It was only a two-day job; however, plaintiff could have taken a week or more, had he desired. There was to be no supervision of the work by any one, and, in fact, there was no way to supervise the work, unless another steeplejack had been used as supervisor. It is shown that all steeplejacks use their own

equipment, even when working by the day. However, that fact alone cannot change the contract to one of employment. It is likewise shown that plaintiff bought the paint and charged it to the school board, without the knowledge of the school board. That does not change the contract, as it has been held that, even though the material used was furnished to the contractor, that fact alone does not change the contract to one of employment. Clements v. Luby Oil Company, 170 La. 910, 129 So. 526.

The contract between plaintiff and defendant was to perform a specific job for a specific price; that is, a contract to furnish paint and equipment and to paint the smokestack for a price of $45. The only control that defendant had over the work was as to its result, and not as to the means by which such result was to be accomplished; and we might add that, due to the nature of the work, the only control that defendant could have had over it as to the result was to see that the stack was painted the color agreed upon in the contract. Defendant had no way of inspecting the stack after the work was completed. Plaintiff was clearly an independent contractor, and cannot recover under the Employers' Liability Act.

There was no evidence offered on the original demands, and the claim for damages thereunder has been abandoned.

It therefore follows that the demands of plaintiff were properly rejected by the lower court, and the judgment is affirmed, with costs.