No. ——

First Circuit

MORRISON v. WEBER-KING MFG. CO

(May 3, 1927. Opinion and Decree.)

(*Syllabus by the Editor*)

1. Louisiana Digest—Master and Servant —Par. 154, 156.

Section 6 of the Employers' Liability Act No. 20 of 1914, as amended by Act 38 of 1918, is intended to protect employees of sub-contractors, but does not apply where the employer was not a sub-contractor nor defendant the principal contractor.

(The recent amendment to Act 20 of 1914 is Act 85 of 1926.—Editor's note.)

Appeal from Parish of Vernon. Hon. Hal A. Burgess, Judge.

Action by A. L. Morrison against Weber-King Manufacturing Company, Inc.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Fern M. Wood, of Leesville, attorney for plaintiff, appellant.

Hardin, Hardin & Cavanaugh, of Leesville, attorneys for defendant, appellee.

LECHE, J.    Plaintiff appeals from a judgment refusing his demand for compensation.

The Weber-King Manufacturing Company is engaged in the lumber business and was buying saw-logs from one J. F. Robinson. The plaintiff, Morrison, was an employee of Robinson; he was injured while working for Robinson and sues the defendant for compensation, basing his right of action on Section 6 of the Employers' Liability Act, as amended by Act 38, p. 52, of 1918.

The section of the Act relied on provides, in substance, that where any person undertakes to execute any work, which is a part of his trade, business or occupation, or which he had contracted to perform, and contracts with another person for the execution of the whole or part of the work, he shall be liable to pay any employee employed in the execution of the work, as if that employee had been immediately employed by him, etc.

Defendant did not undertake to execute the work which Robinson was doing when plaintiff, in assisting to do that work, was injured. Robinson was not a subcontractor, but was executing the work for his own account; he was engaged in cutting timber in order to sell the logs to defendant. Defendant had nothing to do with felling the timber and cutting same into logs. The evidence in the record fully sustains that fact. Defendant had contracted to buy from Robinson saw-logs delivered on the skidder at its mill in consideration of ten dollars per thousand. Defendant had no interest in these logs, as owner or

otherwise, until they were delivered and paid for, at its mill. It was simply buying from Robinson a commodity which was owned, prepared, transported and delivered by Robinson.

The section of the Act upon which plaintiff relies is evidently intended to protect employees of subcontractors and to give them a cause of action against the principal contractor, but in this instance Robinson was not a subcontractor, nor was defendant a principal contractor.

The judgment appears to be correct and should be affirmed, and it is so ordered.