No. ——

First Circuit

**WEST v. MARTIN LUMBER CO. ET AL.**

(June 7, 1927. Opinion and Decree.)
(October 6, 1927. Rehearing Refused.)
(January 18, 1928. Writ of Certiorari and Review Denied by Supreme Court.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Master and Servant Par. 154, 156.**
Under Section 6 of the Employers' Liability Law, as amended by Act No. 85 of 1926, a lumber company is not liable to pay compensation to the employee of the person from whom it purchased saw logs, the relation of master and servant being non-existent.

Appeal from the Parish of Evangeline. Hon. B. H. Pavy, Judge.

Action by Edward West against Roy O. Martin Lumber Co. et al.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Peterman, Dear & Peterman, of Alexandria, attorneys for plaintiff, appellee.

C. E. Hardin, of Lake Charles, attorney for defendant, appellant.

LECHE, J. The demand in this suit is for compensation from the Roy O. Martin Lumber Company and W. E. Tubre, and, from a judgment against them, both defendants have appealed. The appeal, however, was only perfected by the lumber company and by it alone, is being presently prosecuted.

Plaintiff alleges that the Roy O. Martin Lumber Company operated a logging camp,

in the Parish of Evangeline; that while it did not directly operate said camp, it employed or contracted with W. E. Tubre for the cutting and hauling of logs for one of its mills, that same was a part of the trade, business or occupation of said company; that said W. E. Tubre was a foreman or superintendent for said company, or if not, that he was a contractor and defendant company was principal in said work within the contemplation of Section 6 of Act 85 of the year 1926.

These allegations are evidently made with a view of bringing the case within the scope of Section 6 of the Employers' Liability Law, as amended by Act 85, p. 113, of the Acts of 1926. The section, as amended reads as follows:

"That where any person undertakes to execute any work, which is a part of his trade, business or occupation, or which he had contracted to perform, and contracts with any person * * * for the execution by or under the contractor of the whole or any part of the work, undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work * * * any compensation under this act which he would have been liable to pay if that employee had been immediately employed by him * * * ."

The evidence shows that plaintiff, West, was employed by W. E. Tubre, as a swamper to cut timber and move sawlogs to a point where they were to be delivered to the Roy O. Martin Lumber Company, and that he was injured while performing such service. The evidence further shows that the lumber company had nothing to do with the cutting of the timber or hauling of the sawlogs to the place where delivery was made to it; that it simply purchased these logs from Tubre; that after the logs had been hauled by Tubre to the agreed place of delivery it would scale them, then buy them at the place of delivery and thereafter control and own such logs. There is no evidence to sustain the allegation that the lumber company undertook to execute the work, in the performance of which plaintiff was injured, or that it operated a logging camp or that the relations between the lumber company and Tubre were those of a principal and a sub-contractor, or that Tubre was a foreman or a superintendent for said company, or that plaintiff was even remotely under the employ of the company.

The testimony of Roy O. Martin, W. E. Tubre, Willie Carter, G. T. Patterson and V. M. Patureau, shows clearly that the Roy O. Martin Lumber Company purchased from W. E. Tubre sawlogs, which Tubre delivered to it at an agreed place on the highway; that the sale was only made and perfected after the logs were hauled to the place of delivery, were scaled and the price agreed upon. It is only reasonable and logical to suppose that there must have been some preliminary understanding between the lumber company and Tubre as to the kind of timber which the company wished to buy and also as to the size and quality of the logs it would accept, but such an arrangement could not make it liable to pay compensation to Tubre's employees.

The lumber company was the purchaser of a commodity prepared and supplied by Tubre. Under the most liberal interpretation of the somewhat obscure language of the quoted section of the Employers' Liability Law, it would be unreasonable and contrary to common right and reason as guaranteed by the Constitution, to hold that the purchaser of a commodity is liable for compensation to the employee of the seller of such commodity.

For these reasons, the judgment appealed from is avoided and annulled insofar as it condemns the Roy O. Martin Lumber Company to pay compensation to Edward West,

plaintiff, and it is further ordered that plaintiff pay costs of this appeal and one-half the costs of the lower Court.