No. 3067

Second Circuit

---

MILLER v. BRENNER LUMBER CO.

---

(February 3, 1928. Opinion and Decree.)
(March 14, 1928. Rehearing Refused.)
(May 6, 1928. Writs of Certiorari and Review denied by Supreme Court.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Master and Servant —Par. 154, 156.**

Where one engaged in operating a saw mill buys saw logs at a fixed price per thousand feet, board measure, delivered at his mill, the relation of contractor and contractee or employer and employee is not thereby created between him and the employees of the vendor so as to make the purchaser liable under the Workmen's Compensation Act for an injury to or the death of such an employee by accident while engaged in cutting or hauling such logs.

2. **Louisiana Digest—Master and Servant —Par. 154, 156.**

Where one engaged in operating a saw mill has contracted to buy saw logs at a fixed price per thousand feet, board measure, delivered at his mill, the fact that to enable the vendor to execute the contract on his part he loans him money with which to buy standing timber, the loans to be deducted out of the price of the logs as delivered, does not make the purchaser of the logs the agent or employee of the vendor within the contemplation of the Workmen's Compensation Act No. 20 of 1914 as amended.

3. **Louisiana Digest—Master and Servant —Par. 154, 156.**

An operator of a saw mill who has contracted to buy saw logs at a fixed price per thousand feet, board measure, delivered at his mill, does not become liable under the Workmen's Compensation Act for an injury to or death of by accident of an employee of the vendor while engaged in cutting or hauling the logs by reason of the fact that under agreement with the vendor he pays to the haulers on delivery of logs their charges therefor and deducts the amounts so paid from the price agreed to be paid the vendor.

Appeal from the Ninth Judicial District Court, Parish of Rapides. Hon. Leven L. Hooe, Judge.

Action by Mrs. Leona Miller against Ferd Brenner Lumber Co.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Hawthorn & Stafford, of Alexandria, attorneys for plaintiff, appellant.

Thornton, Gist & Richey, of Alexandria, attorneys for defendant, appellee.

### STATEMENT OF THE CASE

REYNOLDS, J. Plaintiff sued the defendant for compensation under the Workmen's Compensation Act for the death of her husband, Clyde Miller, which she says occurred in an accident while he was employed by and engaged in performing services for the defendant.

Defendant denied liability and denied that the deceased was in its employ and alleged that he was in the employ of one John Gunter and that Gunter was not its agent or employee or contractor or subcontractor and that it had no relations with him other than it had contracted to buy from him saw logs at a fixed price per thousand feet, board measure, delivered at its saw mill, and that the deceased met his death while in the employ of John Gunter and hauling logs for him to defendant's saw mill under the contract of purchase and sale between Gunter and defendant.

On these issues the case was tried and there was judgment rejecting plaintiff's demands and she has appealed.

### OPINION

Defendant is engaged in operating a saw mill and purchased from one John Gunter, who is engaged in selling saw logs, saw logs at a fixed price, per thousand feet, board measure, delivered at its saw mill. Gunter employed plaintiff's husband, Clyde Miller, to haul the logs to defendant's saw mill at a stipulated price, per thousand feet, board measure, the price depending on the length of the haul. While engaged in loading logs on a truck to be hauled to defendant's saw mill under this contract between him and Gunter the plaintiff's husband accidentally received an injury which caused his death.

Plaintiff contends that the relation between defendant and John Gunter was not that of vendor and purchaser of logs but that of principal and contractor within the meaning of the Workmen's Compensation Act (Act No. 20 of 1914 and amendments) and that under Section 6 of the Act the defendant is liable to her for compensation for the death of her husband as if he was directly employed by it. And counsel cite numerous authorities in support of this contention, none of which establish, in our opinion, that under the facts of this case plaintiff's husband was an employee of the defendant or it a principal and John Gunter a contractor within the meaning of the Act.

In the case of Levi B. Young vs. C. F. Petty Stave & Lumber Co., recently decided by this court and not yet reported, we held that an operator of a saw mill that bought saw logs at a fixed price per thousand feet, board measure, delivered on the skidway at its saw mill, was not liable for compensation under the Workmen's Compensation Act for injuries accidentally received by the driver of a truck while engaged in hauling logs for the vendor under his contract with the purchaser; and we regard that case as decisive of this one.

The evidence shows that defendant loaned John Gunter money to buy standing timber for his own account and that as an accommodation to him it paid to the haulers of logs their charges therefor on delivery of logs at the saw mill and deducted from the price of the logs delivered the moneys so loaned or advanced; and plaintiff contends that this shows that the relation between Gunter and defendant was not that of vendor and purchaser but of employer and employee or principal and contractor.

We do not think so. Defendant was under no obligation, express or implied,

to lend or advance Gunter money for either purpose and its doing so was merely an accommodation to him to facilitate him in the performance of his contract.

Plaintiff's husband was an employee of Gunter and not of defendant and defendant was not a principal and Gunter a contractor within the contemplation of the Workmen's Compensation Act. Gunter was a vendor and defendant a purchaser of saw logs delivered at its mill, and consequently in no way liable for the death of plaintiff's husband.

The judgment appealed from is correct, and it is therefore affirmed.