## WHITLEY v. HILLYER–DEUTSCH–ED-WARDS, Inc., et al.

### No. 1011.

Court of Appeal of Louisiana. First Circuit.

June 30, 1932.

Julius T. Long, of Shreveport, for appellant.

Thornton, Gist & Richey, of Alexandria, for appellees.

LE BLANC, J.

Plaintiff, Dennis Whitley, while under the direct employment of one Henry Voth, was cut with an axe on the left knee. The injury, which at first seemed to be trivial, soon developed into an infection which resulted in a very serious condition of ankylosis of the knee. The district judge fixed plaintiff's disability at 50 per cent., and we are not prepared to say, from the testimony on this point, that his judgment was in error.

Suit was at first instituted by plaintiff through others than his present attorney, against Henry Voth alone. He obtained a voluntary dismissal of that suit, however, and has now brought the present proceeding against both Voth and Hillyer-Deutsch-Edwards, Inc., for compensation as for total and permanent impairment of the left leg, and prays for judgment against both defendants, in solido, fixing his weekly payments of compensation at $8.77 for 400 weeks.

The claim as against the defendant Hillyer-Deutsch-Edwards, Inc., is predicated on the following allegation contained in article 6 of plaintiff's petition:

"That through some kind of contract and arrangement between the said defendants, the exact nature of which they know, but which petitioner does not know, the said Henry Voth was superintending the hiring of the men for the cutting and hauling of timber, and was operating or superintending the trucks and vehicles with which the said timber was hauled to the railroad tram of the said corporation; that through some such arrangements the said Voth had worked with and for the said corporation for many years in cutting and delivering timber to be sawn and manufactured at its said saw mill."

The original suit filed against Voth formed the basis of a plea of res adjudicata on his behalf which was overruled by the trial judge. Voth is not an appellant before this court, however, and we are therefore not concerned with the plea.

Plaintiff's recovery against the defendant corporation, as it is referred to in his petition, depends on whether or not he has shown that the contract or arrangement between it and Voth, as alleged by him, really existed, because in its answer, that defendant positively denied that Voth ever was in its employ, in any manner or form, and that their business relation with him was limited to the purchase of logs which he delivered to them at a place agreed to by them.

The district judge held that there was no relation of employer and employee as between Hillyer-Deutsch-Edwards, Inc., and the plaintiff, and rejected the demand as to that company. He found that plaintiff was entitled to compensation as against Voth by whom he was actually employed, and awarded him 300 weeks at $4.39 per week; this, as already stated, being based on a 50 per cent. disability.

Plaintiff alone appealed; Voth being apparently satisfied with the judgment rendered against him.

The issue before us is largely confined to the question of plaintiff's right to recover against the defendant Hillyer-Deutsch-Edwards, Inc.

█ It appears to us at the very outset that, in making the contention he presents to the court, counsel for plaintiff is confronted with the difficulty of explaining his own client's testimony which is to the effect that he was employed by Henry Voth and that he did not know the Hillyer-Deutsch-Edwards, Inc., or the hardwood people, as they are referred to by him, at all, in his contract. The following excerpts are taken from his testimony in chief as well as on cross-examination:

"Q. For whom were you working at the time you got hurt? A. Mr. Voth.

"Q. Mr. Henry Voth? A. Yes, sir, Henry Voth."

Then on cross-examination:

"Q. You were working for Mr. Voth? A. Yes, sir.

"Q. You were not working in any manner for the Hillyer-Deutsch-Edwards Company? A. I was working for Mr. Voth.

"Q. He hired and paid you, didn't he? A. Yes, sir.

"Q. You didn't know Hillyer-Deutsch-Edwards or the hardwood people at all. You didn't know them in your contract, at all, did you? A. No, I certainly didn't."

In his direct examination he says that his work consisted of cutting roads for the truck to haul logs to the tramway for the defendant company, but this testimony is far from connecting Voth in any way as an agent, foreman, or employee of that corporation. And even this information which he imparts he admits to be what some one else had told him.

The proof otherwise, as shown by the testimony of Voth, is that he bought small blocks of timber from different people, logged it, and sold the logs to different lumber companies. In this instance, he had bought the timber from plaintiff's father and sold the logs to the Hillyer-Deutsch-Edwards Company. He paid for the timber himself as well as all expenses incidental to the cutting and hauling of it. His testimony as well as that of defendant's employees further shows that he was paid for it at a rate per 1,000 feet, after delivery on the track switch of the Industrial Lumber Company, and after it had been scaled by defendant's employees. Moreover, it appears that some of the timber was rejected as culls, and remained on Voth's hands. Obviously, if he had been exploiting the timber for the lumber company, as counsel contends, he would hardly have worked under such an arrangement, and, if he had

been buying it for the account of the company, he would hardly have subjected himself to such losses. There were no deductions made from his payments except the amount due the state for the severance tax, and the payment of that tax through the company's office was made at the suggestion of the agents charged with its collection, in order to facilitate their work. An attempt was made to show that Voth was charged by the company for industrial insurance on his employees, but it was abortive.

██ It is shown that, in order to protect itself against any claims for the price of the timber other than that of the party they purchased it from, the lumber company requires of him an affidavit to the effect that he owns the timber which he is selling to them and that the lands from which it is being cut have been surveyed and the boundaries plainly marked. To this affidavit is also annexed the affidavit of the owner of the property verifying the truth of the statements made by the timber seller. The greater part of the brief submitted on the part of plaintiff is devoted to an attack on that document and the contract between Voth and the lumber company as a whole. Counsel earnestly contends that the contract does not constitute a sale of the timber, because some of the elements of that contract are lacking. But the rights of either party to that contract are not in contest in this litigation, which involves merely the right of the plaintiff to recover compensation as an employee of the defendant lumber company. The remainder of the argument made is a labored effort to show that the affidavit just referred to is a subterfuge used by the defendant lumber company to shield itself from liability for compensation, and that it is one of those "devices" which the compensation law proscribes and says shall not operate to relieve an employer from liability. Section 36 of Act No. 20 of 1914. Counsel's argument finds support only in innuendo and inferences raised by him, and is not based on any evidence found in the record. Plaintiff's recovery against the defendant lumber company necessarily has to be grounded on a relation of some form of employment between them, and none has been shown. His demand as against that defendant was therefore properly rejected by the district judge.

█ It is also urged on behalf of plaintiff that his injury involves the permanent total loss of the use of a member, which, under the compensation statute, is equivalent to its amputation, and therefore his recovery should be as for the loss of a leg for which he is entitled to 65 per cent. of his wages for a period of 175 weeks. As we understand the testimony on this point, however, plaintiff has not lost the total use of his leg, but his injury has resulted in a serious partial disability on his part, as a whole, to do work of

any reasonable character. The district judge fixed the degree of disability at 50 per cent., which we think is justified by the medical testimony in the case, and awarded compensation on that basis for a period of 300 weeks, which was correct. Subsection 1 (c) of section 8 of Act No. 20 of 1914, as amended by Act No. 242 of 1928.

Judgment affirmed.