## LUTZ v. LONG–BELL LUMBER SALES CORPORATION.*

### No. 1281.

Court of Appeal of Louisiana. First Circuit.

March 6, 1934.

Thornton, Gist & Richey, of Alexandria, for appellant.

M. R. Stewart, of Lake Charles, for appellee.

MOUTON, Judge.

Plaintiff suffered an injury to his left hand while sawing timber in a sawmill in Calcasieu parish.

Suit was brought in January, 1932, for compensation, in which plaintiff alleges that he had received the injury to his hand while he was an employee of the Long Lumber Company and W. Ed. Cline; and prayed for judgment in solido against Cline and the Long Lumber Company.

It developed during the trial of that case that the Long-Bell Lumber Company had no connection with the employment of plaintiff, and for that reason the lower court dismissed plaintiff's suit against the Long-Bell Lumber Company. The court, however, rendered judgment in favor of plaintiff against Cline, who carried no insurance liability and against whom plaintiff was unable to collect his judgment.

The present suit is instituted against the Long-Bell Lumber Sales Corporation by plaintiff for the recovery of compensation for the alleged injury.

Judgment was rendered against defendant company herein, from which it has taken this appeal.

Counsel for defendant company state in their brief that the company has sawmill plants in the states of Oregon and Washington where it manufactures lumber, and, for the disposal of their output, ship lumber to a lumber yard in Lake Charles, La.

It is shown that, if the lumber so received at the lumber yard in Lake Charles does not meet the requirements of trade, it is resawed in the local mills and then returned to the lumber yard at Lake Charles in its readjusted state for sale to the general public. The proof shows that some of the lumber or timber defendant had in the lumber yard needed resawing or readjusting, and that Cline, who was running a sawmill, was employed by defendant company to resaw the lumber, and that plaintiff, Tillou Lutz, was the sawyer for Cline and was resawing it when he suffered the injury to his hand. If Cline had been employed to resaw the lumber with machinery belonging to defendant while in its lumber yard in Lake Charles or elsewhere, defendant company would not, we think, contend that it would not be liable to plaintiff, immediate employee of Cline, for the cut inflicted on his hand while sawing the

---

*Rehearing denied 154 So. 645.

lumber in furtherance of the business or trade of defendant company. Instead of resawing the lumber in its lumber yard, where defendant had no machinery for that purpose, Cline was employed to resaw the timber at his mill, and employed plaintiff as his sawyer to resaw the lumber. Obviously, the lumber in the state it was in in the lumber yard was not fit for sale to the general public. It is evident that this process of manufacturing the timber had not been completed at the sawmill plants of defendant company in Oregon or Washington. In the hands of Cline it was therefore going through a process of manufacturing which had not been completed at defendant's plants before shipment to Lake Charles, and was not as required for sale at the lumber yard in Lake Charles. In order that the timber might be fit for the market, Cline was required to put it in proper sizes according to specifications given by defendant company. This demanded additional manufacturing process which, evidently, was gone through by Cline in furtherance of the trade, business, or occupation of defendant company. In resawing the timber, plaintiff, the sawyer for Cline, was engaged in preparing the timber for the trade, business, or occupation of defendant company, which was hazardous, as it was engaged in operating sawmills. In such cases, the employer is liable in damages. Tregre et al. v. Kratzer et al (La. App.) 148 So. 271, with citations.

Cline, the immediate employer of plaintiff, was certainly liable to plaintiff, and was so held, as before stated.

Section 6 of Act No. 85, 1926, page 113, under which this suit is brought against defendant company, reads, in part, as follows: "That where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work * * * any compensation under this act which he would have been liable to pay if that employee had been immediately employed by him."

The defendant company was the principal in this case, and we do not see how it can be considered in any other light. Cline was employed to resaw the lumber, a work which was "a part" of the trade, business, or occupation of defendant company. He was the contractor engaged to finish the work "undertaken" by plaintiff, his principal, by readjusting the lumber for the trade or business of defendant company.

If plaintiff, Tillou Lutz, had been employed by defendant company as a sawyer to put the timber in shape, according to specifications, it could hardly be contended that the defendant company would not have been liable to him for compensation. When an employee is employed in the execution of the work by the contractor, the principal shall be liable to pay the employee, says section 6 of that statute, as "he would have been liable to pay if that employee had been immediately employed by him."

Here, plaintiff was employed by Cline, contractor, but defendant company, the principal under the provisions of that act, is "liable to pay" plaintiff as it would have been bound to an employee immediately employed by it.

Counsel for defendant company refer to the fact that the sawmill plants of defendant are located two thousand miles away on the Pacific Coast. If they were located in Mississippi or some other adjoining state, counsel, we take it, would not make any reference thereto as a defense to the action brought by plaintiff. The test in a case of this character is as to whether the employee was engaged in services in furtherance of the trade, business, or occupation of his employer which is hazardous, though situated in Louisiana, an adjoining or distant state.

Counsel for defendant refer to the case of West v. Martin Lumber Co., 7 La. App. 366, decided by this court, and, among other cases, to Langley v. McDonald's Widow and Heirs, 7 La. App. 715.

In the West v. Martin Lumber Case, West, the plaintiff, was engaged as a swamper to cut logs for the Martin Lumber Company, which simply purchased the logs from Tubre. There was no relation of master and servant between the defendant company, and Tubre from whom the company purchased the raw materials. Such being the situation, the court held that West, the employee of Tubre, could not recover compensation from the Martin Lumber Company.

In the other case, Langley v. Widow and Heirs of McDonald, 7 La. App. 715, the immediate employer of the employee who brought the action was engaged in supplying raw materials to the company. In concluding the opinion in that case, the court said it appeared that the work in which the claimant was engaged was merely incidental to the con-

summation by his employer of a contract of sale.

In the instant case, Cline, the contractor, was not under his employment engaged to furnish raw materials, logs, or of other character, to defendant company at certain prices. If such had been the engagement between them, the relation of master and servant would have been "non-existent," as was said by Judge Leche, organ of the court, in the West Case. Here, the lumber, timber, or raw material was in the lumber yard of defendant company in Lake Charles and was the property of the company. It is evident that there was no sale of that lumber to the defendant company, and that plaintiff herein, Tillou Lutz, was an employee of Cline not incidentally engaged in services to consummate a sale of the timber or of delivering it to defendant company. The proof is that Cline was employed as a contractor to resaw this timber, which necessarily involved manual labor, and for the purpose of manufacturing it, so that it might conform to the trade requirements of defendant company. The relation of master and servant between defendant company and Cline was therefore existent under their contract which clearly differentiates this case from those relied upon by counsel for defendant company. Plaintiff cannot be cut off from his claim on the plea that he was merely engaged in the consummation of a sale to defendant company or in delivering lumber to the company as a purchaser of raw materials.

■ The injury to plaintiff happened January 1, 1932, and the present suit was instituted against defendant company in April, 1933. More than one year having elapsed since the injury, defendant company filed the plea of prescription of one year in bar of plaintiff's action.

The first suit against the Long-Bell Lumber Company and Cline was filed December 29, 1932, and service was made on Cline, within the year from the date of the accident.

The point is made by plaintiff that the defendant company and Cline are bound in solido, and that the suit against Cline, which was filed within the prescriptible period, has interrupted prescription, as against defendant company.

In the case of Zeller v. Louisiana Cypress Co., 9 La. App. 609, 121 So. 670, suit was brought by Willis Zeller against the Cypress Company and Cousin for compensation in solido. Under facts substantially similar to those presented in this, the court held that their obligation under section 6 of Act No. 20 of 1914, which is the same as in Act No. 85 of 1926, was solidary, and that service of citation upon one of the parties was sufficient to interrupt prescription as to both.

Under the provisions of section 6 of Act No. 85 of 1926, the defendant company and Cline were each bound separately for the whole debt, and were therefore debtors in solido. Civ. Code, arts. 2082, 2091. Hence the suit against Cline interrupted prescription against defendant company. See Civ. Code, art. 2097, and other citations referred to in above-cited decision.

■ Counsel for defendant company contend that its call in warranty against Cline should not have been overruled.

This contention is based on paragraphs 2 and 4 of section 6 of Act No. 85 of 1926. Under paragraph 4 of that act, a principal contractor when sued by an employee has the right to call a subcontractor as a codefendant or warrantor. If defendant company were a principal contractor in this case, defendant, under paragraph 4 of that statute, would have the right to have Cline called in warranty. Defendant company never entered into a contract to resaw the lumber in question as principal contractor, but as a principal employed Cline to do that work. Cline became the principal contractor to resaw this timber and was not a subcontractor of defendant company.

Not being its subcontractor, the motion calling him in warranty was correctly overruled.

Plaintiff is asking for an increase in the amount allowed below in which we find no merit.

Judgment affirmed.

ELLIOTT, Judge (dissenting).

I differ with the majority of the court as to the conclusion of fact which should be drawn from the testimony of E. P. Powell, C. A. Lutz, and W. E. Cline, and also as to the understanding of Act No. 20 of 1914, § 6 (amended by Act No. 85 of 1926). My conclusion of fact is that W. E. Cline was not a subcontractor under Long-Bell Sales Corporation, nor did he work under this company in any subservient capacity, in resawing the timber sent to his mill by the defendant company. He simply resawed certain pieces of timber for the defendant company, reducing the pieces to certain sizes, lengths, dimensions, thicknesses, etc., pursuant to directions from this company as to the work to be done. Cline in doing the work operated his own mill, used his own employees, and did all the work himself, acting under his own management in the doing of the work at the price of $3 per thousand.

The plaintiff, Lutz, was injured while working for Cline, and, under my appreciation of the facts, has no right to claim compensation from the defendant company.

The law, Act No. 85 of 1926, in providing for liability, contemplates in my opinion a situation in which the party having the work done under contract does the work in a subservient capacity to a principal who has some authority in the matter of directing the work.

In this instance the defendant company had no authority nor control over Cline as to the management of the mill or labor performing the work, other than to pay Cline the stipulated price for the resawing.

I think this conclusion in harmony with the principle upon which rests the opinion in Rooney v. Overseas Ry., Inc., 173 La. 183, 136 So. 486; Morrison v. Weber-King Mfg. Co., 6 La. App. 388; West v. Martin Lumber Co., 7 La. App. 366; Langley v. Widow and Heirs of McDonald, 7 La. App. 715; Myers v. Newport Co., 17 La. App. 227, 135 So. 767; Windham v. Newport Co. (La. App.) 143 So. 538.

I think Cline was simply a hired man, employed to do certain work in his own way, except as to the manner and form in which the timber was to be recut.

For these reasons, I am of the opinion that plaintiff's demand against Long-Bell Sales Corporation should be rejected.