## BRASHER v. INDUSTRIAL LUMBER CO., Inc., et al.

### No. 1542.

Court of Appeal of Louisiana. First Circuit.

Jan. 28, 1936.

Julius T. Long, of Shreveport, for appellant.

Thornton, Gist & Richey, of Alexandria, for appellees.

LE BLANC, Judge.

Plaintiff, Harvey M. Brasher, was employed as a woodcutter working under the direction of one Harry Willis who, the evidence reveals, was acting as foreman for J. M. Pillars and William Brown. While returning home from work on the afternoon of September 20, 1933, riding on one of the trucks loaded with wood, he fell off the truck, and some of the wood fell on him, causing an injury to his right leg near the knee and also to the fingers of both hands, all of which he claims has rendered him permanently and totally disabled to do work of any reasonable character.

The wood which was being cut under Willis' direction was sold to the Industrial Lumber Company; some of it being used by that company as fuel, and the rest as pulp for manufacture into paper by Calcasieu Sulphate Paper Company, Incorporated.

Plaintiff alleges direct employment by the Industrial Lumber Company and one Joe S. Mowad and also by Pillars and Brown. He avers that the Industrial Lumber Company contracted with Mowad and with Pillars and Brown and employed them to aid it in having cordwood and pulpwood cut from certain lands in Allen parish and delivered at certain points near the town of Oakdale in said parish for certain considerations and payments; he being unaware of the exact nature of the agreement between them. He alleges that the relation between the Industrial Lumber Company and the Calcasieu Sulphate Paper Company, Inc., was so close, the officials of both being the same, and the same stockholders controlling both, as to make them in fact one and the same corporation. As plaintiff did not make the Calcasieu Sulphate Paper Company, Inc., a party defendant, we take it that the purpose of those allegations was to show that the cordwood which he was engaged in cutting was being used in the process of some manufacture and not solely as fuel.

The testimony concerning who was the plaintiff's direct employer was rather conflicting. The district judge found on this point that he was actually employed by Pillars and that Brown was merely working for Pillars on a 40 per cent. commission. He also found that the agreement between Pillars and the Industrial Lumber Company was simply one for the sale of cordwood without supervision on the part of the company over the cutting, and consequently it could not be held for compensation to one of Pillars' employees as principal under the provisions of our compensation statute. As for Pillars, the district judge found that he was not liable, as he was not engaged in a business which brought him within the purview of the Workmen's Compensation Law (Act No. 20 of 1914, as amended). He accordingly rejected plaintiff's demands and dismissed his suit, whereupon this appeal was taken.

It is proper to note at this time that plaintiff has abandoned his demand for compensation in so far as Joe S. Mowad is concerned; there appearing a statement in brief of his counsel that there is not sufficient evidence to hold him liable as a defendant in the case.

There was some dispute as to whether or not plaintiff had violated instructions given to employees about riding home from work on the trucks that were loaded with wood. The testimony on this point, however, fails to disclose with any degree of certainty that plaintiff himself had ever received any such instructions, and points rather to the fact that he was injured while using the means of transportation furnished by the employer for him to go to and return from work.

There was some arrangement between Pillars and Brown under which the latter received 40 per cent of the net profits of Pillars' wood-cutting business for the work he performed. A person receiving that much commission out of another's business can hardly be said to be his employee as it is contended Brown was. We rather believe that their agreement constituted a partnership, and that they are both liable as partners in case plaintiff is entitled to recover compensation as against them.

Our appreciation of the evidence on the question of plaintiff's direct employment, although confusing, is that he was working for Pillars and Brown under Willis, as foreman of the job he was on, and his recovery against the Industrial Lumber Company has to depend on the nature of the contract or agreement under which they were cutting and delivering cordwood to that company. Were they subcontractors of the Industrial Lumber Company working for it as their principal, thereby making that company liable to the plaintiff for compensation under the provisions of section 6 of Act No. 85 of 1926, or, were they independent contractors who alone were responsible to their employees for the payment of compensation? If the lumber company, because of the nature of its agreement with Pillars and Brown, is not liable and plaintiff has to look to the latter alone, the next question that arises is, Are they relieved from the payment of compensation because of the nature of the business they were engaged in?

The provisions of the workmen's compensation statute under which plaintiff seeks to hold the Industrial Lumber Company, section 6 of Act No. 85 of 1926, is, in part, as follows: "That where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or his dependent any compensation under this act which he would have been liable to pay if that employee had been immediately employed by him."

The testimony is not in any way convincing that any such relation of principal and agent as indicated in that provision of the law existed between the Industrial Lumber Company and Pillars and Brown. There is nothing to show that the lumber company "undertook to execute" the work of cutting cordwood to supply itself with fuel and the Calcasieu Sulphate Paper Company with pulp, and contracted that work to the plaintiff's employees. The evidence, on the contrary, shows a relation between a lumber company and a third party of buyer and seller of cordwood, delivered at a given location, at a fixed price per cord, to be paid after inspection. The wood in this case was cut from lands contracted for by the sellers themselves and without any supervision or control by the lumber company over the sellers or their employees. Under a similar state of facts involving the cutting of wood or of logs or the dynamiting of

stumps, this court and others have held that the lumber company was not liable for compensation to an injured employee of the party who sold the wood, logs, or stumps and that the section of the compensation statute invoked herein does not apply. Miller v. Brenner Lumber Co., 8 La. App. 141; Eaves v. Hillyer-Edwards-Fuller, Inc. (La.App.) 139 So. 510; Whitley v. Hillyer-Deutsch-Edwards, Inc., et al. (La. App.) 142 So. 798; Windham v. Newport Company (La.App.) 143 So. 538.

Counsel for plaintiff cites as authority the cases of Robinson v. Younse Lumber Co., 8 La.App. 160; Carter v. Colfax Lumber & Creosoting Company, 9 La.App. 497, 121 So. 233; Hollingsworth v. Crossett Lumber Co. et al. (La.App.) 160 So. 327; and Seabury v. Arkansas Natural Gas Corporation, 171 La. 199, 130 So. 1. But in all these cases the relation between the contractor for whom the injured employee was working and the company or corporation for which the work was being executed was different from that existing between Pillars and Brown and the lumber company in this case. The same distinction which was pointed out between some of those cases and those of Eaves v. Hillyer-Edwards-Fuller, Inc., supra, and Windham v. Newport Company, supra, relied on as authority in the present case, might very well be made here. We are satisfied that on this point, the ruling of the lower court was correct and should be sustained.

■■■■ This brings us now to a consideration of the liability of Pillars and Brown for compensation under the statute. In a well-considered written opinion covering all points in the case, the district judge disposed of this question as follows: "The plaintiff was employed to cut fuel wood by hand or with hand tools in the woods and to be paid at 75 cents per cord. Section 2(a) [1, par. 2(a)] Act No. 20 of 1914, as amended, names the hazardous business and occupations, among which are factories, sawmills, logging, and lumbering. It is immediately apparent that plaintiff must show that his occupation was either logging, lumbering, or was in connection with the business of a factory or sawmill in order to recover under the provisions of the act. The cutting of fuel wood cannot be logging or lumbering. Logging must of necessity mean the cutting and hauling, or dealing in or with logs, which are defined as 'the stems or trunks of trees cut into different lengths for the purpose of being manufactured into timber of various kinds,' Words and Phrases, Second Series, and lumber 'is used to describe both trees suitable to saw and the products into which they are sawed.' Words and Phrases, Second Series. The cutting of fuel wood then cannot, either under the definition of logging or lumbering be classed under the act. In our opinion the cutting of fuel wood could not be in connection with the operation of a factory. The Calcasieu Sulphate Paper Company operated a factory wherein is manufactured paper from wood pulp. Plaintiff sought to show that the Industrial Lumber Company and the Calcasieu Sulphate Paper Company were identical, and did in fact show that many of the stockholders and some of the directors were in each corporation. However, they are separate corporations, and the mere fact that they have in some instances the same man holding identical positions does not change the identities of the corporations."

Any dealing between these two corporations for the purchase and sale of pulpwood was irrelevant and immaterial to the claim of plaintiff, whose employers, Pillars and Brown, had no connection or relation whatever with the Calcasieu Sulphate Paper Company, which, moreover, was not made a party defendant to the suit. It cannot be said, therefore, that, because some of the wood supplied by plaintiff's employers was used in the manufacture of paper by the Calcasieu Sulphate Paper Company, the cutting of that wood had any connection with the operation of a factory in this particular instance.

We think that the findings of the trial judge and his reasoning on this point are correct, and we adopt that part of his opinion as our own.

Judgment affirmed.

OTT, J., did not participate.