## ANTHONY v. NATALBANY LUMBER CO., Limited.

### No. 1962.

Court of Appeal of Louisiana. First Circuit.

March 22, 1939.

Jos F. Blasi, Jr., of New Orleans, and Rownd & Tycer, of Hammond, for appellant.

Carroll Buck, of Amite, for appellee.

LE BLANC, Judge.

This is a suit for compensation in which the plaintiff, in order to bring his demand within the provisions of the Workmen's Compensation Statute of this State and particularly Section 6 of the amending Act No. 85 of 1926 (page 113), alleged in his petition that the defendant who is engaged in all phases of the lumber business including the cutting, loading and hauling of logs, in furtherance of their said business "employed one Steve Anthony to purchase, cut and haul lumber (sic) belonging

to defendant to defendant's mill," and that the said Steve Anthony, "in accordance with his said employment with defendant", hired him (plaintiff) as one of his employees.

He sets out that on July 30, 1937, at about seven o'clock in the morning while engaged in the performance of his work in sawing logs on a property located on the Tchefuncta River in St. Tammany Parish, a log rolled backwards and struck him on his left leg causing a severe injury from which he has become disabled and that he is therefore entitled to recover compensation as for total permanent disability. He alleges that he was earning nine dollars per week and is entitled to recover at the rate of 65% of that amount, or $5.85 per week, for four hundred weeks and in addition $250 for medical and hospital fees.

The pertinent part of Section 6 of Act No. 85 of 1926 which we have to refer to reads as follows: "Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business or occupation or which he has contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or his dependent any compensation under this act which he would have been liable to pay if that employee had been immediately employed by him."

It will be noted at once, we believe, that if the plaintiff in this case could have furnished proper and sufficient proof of his allegations relating to the nature of the contract as set out by him between the defendant and Steve Anthony that he would have been entitled to recover from this defendant under the quoted provision of the statute, had he shown further of course that he was working for Steve Anthony and had been injured in the course of his employment.

There is practically no dispute about his having been injured while working for Steve Anthony, but there is a sharp and serious conflict on the issue raised by defendant on the allegations made by plaintiff concerning the relation between his employer and itself. It is specifically denied that Steve Anthony was employed in any manner by the defendant and it is averred on the contrary that the only relation between them was that of seller and purchaser of logs, under which of course defendant is not liable to the plaintiff in any manner whatever.

The district judge found that the testimony supported the defendant's contention and dismissed the plaintiff's suit, whereupon the latter took this appeal.

On the issue as presented we are concerned only with a question of fact as it has frequently been decided by this court and others in this State that under a situation where the relation between two parties is shown to be only that of seller and purchaser of logs or any other commodity, an employee employed by the seller who is injured in an accident while working cannot recover compensation from the purchaser of the logs, or other commodity sold. West v. Martin Lumber Co., 7 La. App. 366; Miller v. Brenner Lumber Company, 8 La.App. 141; Eaves v. Hillyer-Edwards-Fuller, Inc., La.App., 135 So. 720; Whitley v. Hillyer-Deutsch-Edwards, Inc., et al., La.App., 142 So. 798; Windham v. Newport Co., La.App., 143 So. 538; Brasher v. Industrial Lumber Co., Inc., et al., La.App., 165 So. 524.

Under the testimony of Steve Anthony himself it would be difficult to establish any contract such as plaintiff alleges existed between him and the defendant lumber company. Whilst on direct examination he states that he was employed by Mr. Martin Gillespie of the defendant company to cut and haul the timber which is shown to have belonged to a man named Matise, he admits under cross-examination that he was the one who as he says "made arrangements for it" with Matise and agreed to pay $4 stumpage. Further he admits that he had the right to sell logs from that timber to whoever he wanted provided the purchaser was a party agreeable to Matise, and as a fact he did sell some of the logs to the Hammond Box Company.

Mr. Gillespie testified that Steve Anthony was never employed by the Natalbany Lumber Company to do anything. They did buy logs from him like they would from anybody else who brought any to the mill and offered them for sale. The logs bought from Anthony were scaled at the mill and only those that were up to grade

were accepted. Very often if they did not meet with the approval of the scaler they were rejected. This last part of Gillespie's testimony is corroborated by that of O. L. Day who was a scaler for the defendant lumber company and who on one occasion at least rejected a log that had been delivered by Anthony.

It appears from the testimony that on the logs bought from Anthony the stumpage was paid directly by the defendant to Matise, the land owner, and plaintiff's counsel stress this point as tending to support the contention that the defendant owned the timber and that there was a contract as they claim under which plaintiff was employed to cut and haul it to the defendant's mill. This point was raised in several of the cases heretofore cited and in those, like the present, it was shown that this method of paying the stumpage value of the timber by the lumber company was the customary one used for the purpose of insuring payment of the timber to the proper party and often also as a matter of convenience to the seller of the logs himself, as, in some instances it appears that before the lumber company would purchase and pay for logs it required affidavits from him and the land owner as well, showing the true ownership of the timber.

We are convinced under the evidence adduced in this case that plaintiff has failed to substantiate his claim for compensation against the defendant and that his suit was properly dismissed below.

Judgment affirmed.