## VINCENT v. INDUSTRIAL LUMBER CO. et al.

### No. 2183.

Court of Appeal of Louisiana. First Circuit.

Jan. 14, 1941.

Elmer L. Stewart, of DeRidder, for appellant.

Gist & Thornton, of Alexandria, for appellees.

OTT, Judge.

Plaintiff claims that he sustained a double inguinal hernia as a result of a pole striking him in the side while he was assisting in loading logs on cars for the Industrial Lumber Company on July 20, 1937. He alleges that the injury has totally and permanently disabled him from work, and he sues for compensation in the sum of $3,900, based on a weekly wage of $15. His suit is against the above lumber company and Arthur Dyer.

The theory on which plaintiff seeks to hold the lumber company liable for compensation is expressed in the following allegation in his petition: "That he was loading the timber of the Industrial Lumber Co., purchased by them from Rank Haven for the price and sum of Four and No/100 ($4.00) Dollars per thousand feet and was being hauled from the premises of said Rank Haven and loaded on the cars by the said Arthur Dyer for the sum and price of Nine and No/100 ($9.00) Dollars per thousand feet for the cutting, hauling, and loading of the logs, making the said timber cost the Industrial Lumber Co. Thirteen and No/100 ($13.00) Dollars on board the car at Singer, La."

The lumber company denies that it purchased the timber from Haven and had it logged by Dyer as a contractor, but alleges that Dyer bought the timber from Haven and sold it to the lumber company at $13 per thousand feet delivered on cars at Singer, Louisiana; that the relation between Dyer and the lumber company was that of seller and purchaser of the logs, and the only connection that the lumber company had with the timber was to hold out the stumpage of $4 per thousand and pay it direct to Haven and to pay the balance of the purchase price to Dyer after the logs were scaled and accepted. The lumber company also denied that plaintiff sustained a hernia as he alleged in his petition.

Dyer made no appearance and no further action was taken against him. Judgment was rendered in favor of the defendant lumber company, rejecting plaintiff's demands. He took an appeal to this court but has made no appearance through counsel either by oral argument or by briefs.

The trial judge, in a well-considered opinion, found that Dyer had purchased the timber from Haven and sold the

logs cut therefrom to the lumber company at a fixed price per thousand, and that there was no relation of employer and employee between the lumber company and plaintiff, nor was Dyer a contractor cutting and hauling timber for said defendant. In view of the conclusion that he reached on this point, he found it unnecessary to pass on the question of whether or not plaintiff suffered a hernia at the time and in the manner alleged in his petition. We agree with the findings of the trial judge and, as he has stated his conclusions in clear and persuasive language, we take the liberty of quoting from his opinion as follows: "This court after a careful review of the testimony is of the opinion that the facts are substantially as follows: That Arthur Dyer was in the business of buying and selling timber; that just prior to the time of this accident he ascertained that he could buy some pine timber and also some hardwood timber from Mr. Havens; that he then negotiated with the Industrial Lumber Company for the sale of the pine timber on this tract of land. Mr. Thompson, the timber man of the Industrial Lumber Company, came down at the request of Dyer and in company with Dyer visited the Havens tract of timber and that an agreement was reached by which the Industrial Lumber Company would pay Dyer $13.00 per thousand feet for the pine logs on this tract, of certain specifications, delivered to the Lumber Company F. O. B. cars at Singer. The court is of the opinion that there was an agreement among Havens, the owner of the timber, and Dyer and the Industrial Lumber Company under which, agreement the Industrial Lumber Company agreed to hold out of this price the stumpage value of the timber and pay the stumpage value to Mr. Havens, and the balance to be paid to Dyer. The testimony shows that in this same transaction Dyer purchased certain hardwood from Mr. Havens and that this hardwood was sold and delivered by Dyer to the Mansfield Hardwood Lumber Company under a certain contract with that company. The testimony further shows that Dyer at this time and in the same manner acquired certain pine timber from Mr. T. Davis and which was sold and delivered to the Industrial Lumber Company F. O. B. cars at Singer at the same time the Havens timber was being handled. The testimony further shows that the plaintiff was employed by Dyer and that his wages were paid by Dyer. * * * It is true that Mr. Thompson, the timber man of the Industrial Lumber Company, in company with Mr. Dyer, visited Mr. Havens and that there was a conversation among the three in connection with the sale of the timber. It is also true that Mr. Havens states that he was under the impression that he was dealing with the Industrial Lumber Company; but this court is of the opinion that the purpose of Mr. Thompson's visit was to inspect the timber to see whether or not the logs which Mr. Dyer proposed to sell were of sufficient quantity to be acceptable, and for the possible further purpose of being assured by the owner of the timber that there was no mortgage or other incumbrance which might affect the sale of the timber. Mr. Havens did request that the Industrial Lumber Company hold out the stumpage value of the timber and pay this to him, and this request was agreed to both by Mr. Dyer and by the Industrial Lumber Company, but this court can not believe that the testimony bears out the contention of the plaintiff that Mr. Thompson purchased the standing timber direct from Mr. Havens."

■ Unless the facts and circumstances justify the finding that the transaction between Dyer and the lumber company was not a bona fide sale and purchase of the logs at a fixed price delivered on cars, but that the arrangement between them was a mere device or subterfuge to put forward Dyer as an ostensible seller of the timber for the purpose of evading the payment of compensation by the lumber company, there is no liability on the part of the latter for compensation to the plaintiff, an injured employee of the seller of the logs. We so held and discussed this question rather fully in the case of Hatch v. Industrial Lumber Company et al., 199 So. 587, and Perkins v. Hillyer Deutsch Edwards, Inc., 199 So. 590 both decided this day.

We cannot say that the facts and circumstances in this case show any purpose on the part of either Dyer or the lumber company to evade the Compensation Law, Act No. 20 of 1914. On the contrary, the transaction appears to have been made and carried out in good faith as a bona fide sale of the logs from Dyer to the lumber company.

For the reasons assigned, the judgment appealed from is hereby affirmed.