This is a suit for compensation brought against the Hammond Box Company, Inc., by the plaintiff, Thomas McDonald, who in his petition "shows" that he was employed as a log cutter, cutting logs for the defendant for $1.50 per thousand feet. Based on the number of logs that were cut by him and his partner per day, he claims compensation on an average weekly wage of $18, 65% of which would be $11.70 per week. He also claims that the injuries which he sustained while being transported from his work by log haulers who were either employees, sub-contractors or agents of the defendant company, were of such a nature as to permanently and totally disable him and therefore he is entitled to recover compensation for a period not to exceed 400 weeks, together with the sum of $250 for medical expenses.
The answer of the defendant consists of a general denial, each and every article of the plaintiff's petition being denied outright or from lack of sufficient information to justify a belief.
After trial there was judgment in the lower court rejecting the plaintiff's demand and he has appealed.
Whilst, as just stated, plaintiff in his petition "shows" that he was employed as a log cutter by the defendant, the uncontradicted facts as developed from the testimony are as follows: Plaintiff was employed and paid for the services which he rendered as a log cutter by one Sidney Policheck. Sidney Policheck was in the log cutting and hauling business. He owned his own truck, hired his own laborers, bought his own timber and sold it after it had been cut into logs to whom he pleased. Occasionally he did buy some timber from the defendant paying them stumpage at so much a thousand feet, the same, he says, as he bought from anybody else. He sold and delivered most of the logs he cut to the Hammond Box Company, Inc. They scaled the logs before buying, taking what was found satisfactory and rejecting what was not. What was rejected he sold to some other mill.
On July 7, 1942, he hired the plaintiff as a log cutter and the latter went to work cutting logs as a partner with Henry Policheck, Sidney Policheck's brother. On the following afternoon, July 8, 1942, while riding on the truck belonging to Sidney Policheck, plaintiff met with an accident in which he sustained a rather severe injury to his foot which gave rise to this demand for compensation on his part. The sole and only question presented in the case is whether, under the facts as just related, the defendant had any employment relations whatever with the plaintiff under which it might be bound to him for compensation under the Workmen's Compensation Statute and under the jurisprudence of this State.
For us to go into any lengthy discussion of the question involved would be merely to catalog the decisions of this and the other Courts of Appeal in Louisiana in which it is held that under a state of facts as here presented, the plaintiff's immediate employer, Sidney Policheck, was nothing more than a seller of logs and the mere fact that he did sell logs to the defendant established no such relation between the defendant and the plaintiff by which the defendant became liable in any manner whatsoever to the plaintiff for compensation. With the exception of one feature, with which we are not here concerned, the facts in the case are so strikingly similar to those *Page 40 
in the case of Anthony v. Natalbany Lumber Co. Ltd., La.App., 187 So. 288, that were we to transpose the names of the parties in the respective suits, the decision rendered in that case could stand for the decision of this one also.
Counsel for plaintiff refers to several cases in which employees of log-haulers who hauled logs for a saw-mill either under direct employment or as independent contractors, were permitted to recover compensation after sustaining accidental injuries, from the saw-mill operator, on the ground that the relation of employer and employee existed under the provisions of the compensation statute, Act 20 of 1914, especially section 6 thereof. The latest of these cases is one emanating from this Court, Owers v. Louisiana Long Leaf Lumber Company, 14 So.2d 275. Like in all the others, however, the facts in that case disclosed that the immediate employer of the injured employee had a contract with the lumber company under which he cut and hauled posts from its own lands at a given price per post. These posts were used by the lumber company in erecting a fence around its plant under orders of the government for which it was then cutting lumber in furtherance of the war effort. Obviously the relation between the injured employee's direct employer and the lumber company was that of principal and contractor under which the lumber company was properly held liable to the injured employee for compensation.
In 15 So.2d at page 823, 824, we find reported the case of Williams v. George et al., a decision of the Court of Appeal for the Second Circuit, in which the proposition now before us was again considered and disposed of in the same manner as all previous cases under a similar state of facts. In commenting on the relation between a man engaged in the same business as the log-seller, Sidney Policheck, in this case, and the purchaser of the logs, the Court stated: "This court and the First Circuit have considered and passed on several cases wherein the facts were the same or nearly so as those in the instant case. Invariably, it has been held that the relation between the parties was that of purchaser and seller; not that of principal and contractor. See Hatch v. Industrial Lumber Company et al., La.App., 199 So. 587, and other cases therein cited; Vincent v. Industrial Lumber Company et al., La.App., 199 So. 593; Reed v. J.W. Jeffries Lumber Company et al., La.App., 9 So.2d 87."
We have no thought of deviating from this established jurisprudence and therefore have no alternative but to affirm the judgment appealed from.
Judgment affirmed at the costs of the plaintiff appellant herein.