ELLIS, Judge.
Plaintiff instituted this suit for the recovery of workmen’s compensation in the maximum amount for the maximum number of weeks and for the additional sum not to exceed $1,000 as medical expenses plus 12%% as a penalty, together with reasonable attorney fees as provided by LSA-R.S. 22:658.
The suit was filed'against one E. E. Weldon as “employer” and Coal Operators Casualty Company as “insurer.”
After trial the learned judge of the lower court with excellent written reasons dismissed plaintiff’s suit as to both defendants, basing his judgment upon a finding of fact that there was no relationship of employer-employee between plaintiff and defendant, not that of subcontractor between plaintiff’s actual employer, Allen, and the defendant, Weldon, and the further finding that the Coal Operators Casualty Insurance Comp,any was not the. insurer of the de-, fendant Weldon.
*380 The District Court has very carefully and correctly detailed the facts in the case “as regards plaintiff’s employment, as it relates to whether he was in the direct employ of Weldon, or of Ethan Allen, and whether the latter was the sub-contractor of Weldon” as follows:
“Rogers, the plaintiff, testified that he was working for Ethan Allen; when the accident occurred Allen was driving the truck; they had been in the woods to get a load of pulpwood; Allen took him to the doctor; he remained in the hospital 10 days; Allen was his immediate boss and paid plaintiff .$2.50 per load, three loads per day of six days per week; he loaded and unloaded the wood; he cut some of the wood with a power saw; Coal Operators paid him compensation up to March 20, 1955, and no one else paid any; he was working for nobody else than Ethan Allen on November 24, 1955 (1954). The record of the compensation payments was filed in evidence, marked ‘P-6’.
“Ethan Allen, plaintiff's witness, testified that he was engaged in the pulpwood business and had plaintiff, Beasley, and Holbert working for him; he paid two men $5.00 per load; they made three loads or better per day, six days per week; plaintiff was injured while working for Allen; he was hauling pulpwood for Weldon; he loaded the wood onto racks (railroad cars equipped for hauling such wood) ; he ordered the cars; Weldon had told him how to order the cars; Weldon instructed him as to where to bill (ship) the cars; he looked to Weldon for his money at so much per car for the wood; different people owned the stumpage • and timber he cut; Weldon told him he would buy any timber he found; he did find one tract and Weldon sent a man down to look at it but the tract was not bought; when Rogers got hurt, Weldon told Allen if any of them got hurt let them know; at Allen’s instructions, one of the nurses called Weldon from the hospital when plaintiff was there; he went up there (presumably to Weldon’s) and they made out the accident report; he was paid directly by Weldon for the wood and produced for nobody else; he sold Weldon two car loads of wood; he hauled for nobody else than Weldon in 1954 and shipped two cars for him; he owned his own truck equipped for hauling pulpwood; his agreement with Weldon was that he would haul pulpwood and Weldon would pay him for it $300.00 per rack or car load; he hired Plaintiff, himself, and the others who were working for him; Weldon did not tell him who to hire or fire, when to work and when not to work, when to haul or when not to •haul, wood was all he wanted; he didn’t tell him when or where to get the wood; if he hadn’t got the wood he couldn’t have sold it to Weldon; the wood he did get was gotten from different people and he, personally made the deal, cut it and went and got it and paid the owners for the wood; he loaded it onto the cars and was paid $300.00 per car load for it; he paid plaintiff and Weldon did not pay the wages; he bought the wood from anybody from whom he could get it, and then cut it, hauled and loaded it onto the cars; after the car was loaded, he took the bill of lading to 'Weldon and got his money; he never bought any timber for Weldon, but bought for himself and himself paid for it; he made his own arrangements for the wood he was cutting and hauling when plaintiff was hurt and bought it from different people; Weldon didn’t know from where the wood came nor what he paid for it; all Weldon was interested in was wood delivered on the car and plaintiff’s witness Allen testified that he made his own arrangement as to where he would get it and how much he paid for it and he paid for this particular wood himself (as he had said he did for all other) out of what Weldon paid him and shipped the wood in his own name to a paper mill in West Monroe, Louisiana, but he said it was shipped in Weldon’s name, but that he, Allen, signed the bill of lading.
“Defendants offered no evidence.”[1]
From the above quoted facts the lower court concluded that the plaintiff was not an *381 employee of Weldon but was an employee of Ethan Allen, and that Ethan Allen was not a subcontractor of Weldon as a contractor or otherwise. It further held that the insurance company was not the insurer of Weldon and for that reason dismissed the case as to them.
The learned judge of the District Court reviewed the jurisprudence as to the question under consideration, most of which, as he stated, is set forth in and was taken from Volume X, pages 25 et seq., Louisiana Law Review by Wex S. Malone, Professor of Law, Louisiana State University.
The case at bar is practically on all, fours as to facts with Smith v. Crossett Lumber Co., La.App., 72 So.2d 895, in which our brethren of the Second Circuit held that “Where independent producer of logs and pulpwood secured his own timber, hired his own employees, produced pulpwood, transported it to railroad, and sold it to third person, who billed and shipped pulpwood to lumber company, third person and lumber company were not liable under the Workmen’s Compensation Act, * * * since relationship between independent producer and third person and lumber company was not that of employee ‘and employers, but that of seller and the buyers.” Also see Harris v. Southern Kraft Corporation, La.App., 183 So. 65; Harville v. Eicher-Woodland Lbr. Co., 3 La.App. 406; West v. Martin Lumber Co., 7 La.App. 366; Anthony v. Natalbany Lbr. Co., La.App., 187 So. 288; Whitley v. Hillyer-Deutsch-Edwards, Inc., La.App., 142 So. 798; Reed v. J. W. Jefferies Lbr. Co., La.App., 9 So.2d 87; Windham v. Newport Co., La.App., 143 So. 538; Miller v. Brenner Lbr. Co., 8 La.App. 141.
Defendant contends in his brief that the facts in the above cited cases are not the same as are those in the case at bar, for in the latter the Brown Paper Company of Monroe would be the buyer and E. E. Weldon, the seller, if a buyer-seller relationship existed in the present case. This is true as between Brown Paper Company and Weldon, but as between Weldon and Allen, employer of the plaintiff, the latter is the buyer and Weldon is the seller.
Defendant also argues and contends that one Godfrey, for whom the defendant Coal Operators Casualty Insurance Company carried compensation insurance, and defendant Weldon both testified that they thought the insurance did cover the plaintiff, and in view of the fact that the defendant insurance company paid some $300 of compensation before finding out that they were not liable and were not the insurer of Weldon, that the defendant insurance company was liable to defendant. This contention was correctly disposed of by the trial judge with the following citation and authorities: •
“ ‘Neither the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability for compensation under this-Chapter.’ [LSA] R.S. 23:1204. Fields v. General Cas. Co., 216 La. 940, 45 So.2d 85; Foret v. Paul Zibilich Co. [18 La.App. 363] 137 So. 366; Franz v. Sun Indemnity Co. [La.App.] 7 So.2d 636; Benjamin v. Standard Acc. Ins. Co., 152 La. 874, 95 So. 428; Chance v. T. J. Moss Tie Co. [La.App.] 31 So.2d 19.”
Being of the opinion that the trial judge has correctly disposed of the issues in this case, the judgment dismissing plaintiff’s suit as to both defendants is hereby affirmed.

. Omitted from the above quotation of the District Court are the page numbers- of the transcript as made by the District Judge.