144 So. 483

**HATTEN v. HAYNES et al.**

**In re HATTEN.**

No. 31975.

Oct. 31, 1932.

Redmond & Thompson, of Monroe, for applicant.

Theus, Grisham, Davis & Leigh, of Monroe, for respondents.

ROGERS, J.

This is a compensation suit. Defendants are the Lerner Stores Corporation and W. Green Haynes. Plaintiff claimed $20 a week for 300 weeks and $250 for medical and hospital services. The district court gave judgment in solido against the defendants, awarding plaintiff $18 a week for 150 weeks together with the $250 claimed for medical and hospital expenses. Defendants appealed, and the Court of Appeal reversed the judgment, 142 So. 286. The case is now before us on a writ of review issued at plaintiff's instance.

Defendants have moved for a recall of the writ of review on the grounds: (1) That copies of certain exceptions filed in the district court by defendants are not annexed to plaintiff's application; and (2) that the application, in the absence of an affirmative showing that they were not given, is unaccompanied by a copy of the reasons assigned by the Court of Appeal for refusing a rehearing.

Defendants, in support of their motion, invoke section 5 of rule XIII of this court, providing that, among other things, an application for a writ of review must be accompanied by a copy of the petition and answer and other pleadings filed in the court of original jurisdiction and by a copy of the reasons given by the Court of Appeal for refusing a rehearing, if any such reasons were given.

Plaintiff, answering the motion to recall, avers that defendants are not prejudiced by his failure to annex copies of defendants' exceptions to his application for a writ of review, because, as is shown by its opinion, the exceptions were not considered by the Court of Appeal, having been abandoned by defendants' counsel in argument before that court, and that no copy of the reasons of the Court of Appeal for refusing a rehearing is attached to his application, because no written reasons for such refusal were assigned by the court.

In Pipes v. Gallman, 174 La. 265, 140 So. 43, where the contention was made that the writ of certiorari and review should be dismissed because the relator had failed to attach to his application copies of the briefs filed in the Court of Appeal, as required by section 5 of rule XIII of this court, we declared that the rule is intended for the convenience and information of the court, to enable the court to determine readily whether the case should be brought up for its decision; and we held that a failure to obey the rule might justify our refusing to issue the writ, but it could not justify our dismissing the proceeding after issuing the writ and having before us the briefs filed in the Court of Appeal (the briefs

having been attached to an application for a writ of certiorari and review in another case).

We think the rule announced in Pipes v. Gallman is applicable here. The requirement that copies of the pleadings in the court of original jurisdiction and of the reasons of the Court of Appeal for refusing a rehearing shall accompany an application for a writ of review is intended for our convenience and information, so that we might readily determine whether the case should be ordered up for decision by this court. The failure to fulfill the requirement might have justified the refusal of the writ, but it does not justify the dismissal of the proceeding after the writ has been issued, where no issue based on the omitted exceptions can be raised before this court, and where no written reasons for refusing a rehearing were furnished by the Court of Appeal.

The motion to recall the writ of review herein is therefore denied.

The Lerner Stores Corporation leased for mercantile purposes the building No. 228 De Siard street in the city of Monroe, and proceeded to make certain alterations and repairs therein. The work was performed partly under the direction of the lessee's own construction organization and partly by W. Green Haynes, who agreed for the contract price of $1,715 to furnish the labor and material for all the lathing, plastering, and concrete work called for by the plans and specifications prepared by the lessee's architect.

Haynes, in turn, contracted with Hatten, the plaintiff, for plaintiff to affix the channel irons and lathing in the vestibule of the building, so that the plaster could be attached thereto as provided by the specifications.

Plaintiff agreed to do the work, furnishing the necessary labor and material, for the stipulated price of $58. Plaintiff, after examining the plans and specifications, had previously submitted to Haynes two propositions, one to work by the hour at $1 an hour, and the other for a completed job for an agreed price of $58. The latter proposition, as hereinabove stated, was accepted. Plaintiff was not on any pay roll, nor was any supervision exercised over his work by anybody, except by Haynes as to results. Although plaintiff chose to do the work himself, he had the right to hire others to do it for him. He worked or ceased to work as he saw fit. Without consulting defendants, he purchased and paid for the necessary materials. These materials cost plaintiff $20.50. No obligation was imposed upon plaintiff other than to complete his undertaking in accordance with the plans and specifications. Plaintiff worked at odd hours during a period of four days in finishing the job.

After plaintiff, as he thought, had executed his contract, and had left the job, some minor defects developed, which he corrected upon request. The plasterers then began their work, and, after some of the plaster had been applied, it was found necessary to knock it off. When this was done, some of the laths became untied, and plaintiff was sent for to retie them. On this occasion, after plaintiff had been working for approximately an hour and forty-five minutes, and within fifteen or twenty minutes of the time required to complete the repairs, plaintiff fell from a scaffold and broke his right arm in several places.

Alleging total disability as a result of his injury, plaintiff brought this suit for compensation against the Lerner Stores Corporation

as the general contractor and W. Green Haynes as the subcontractor. Both defendants denied liability on the ground that plaintiff at the time of the injury was an independent contractor. The Lerner Stores Corporation also denied liability on the further ground that construction or alteration of buildings is not in any manner connected with its business, which is that of a retail merchant.

The district court found that at the time of his injury plaintiff was engaged in an employment different from that embraced within his original contract with defendant Haynes, and was an employee entitled to compensation from both defendants.

The Court of Appeal found that plaintiff was not an employee, but was an independent contractor not entitled to compensation, and it reversed the judgment.

■ Plaintiff contends that the finding of the Court of Appeal is erroneous, because (1) the work being done by plaintiff at the time he was injured was not covered by, included in, or connected with the original contract, and was not being performed as an independent contractor; and (2) that plaintiff was employed to do manual labor because of his skill and training in hanging channel irons and lathing, and therefore he is within the exception contained in the definition of an independent contractor as set forth in the Workmen's Compensation Act. We shall consider these alleged errors in their reverse order.

Plaintiff argues that under the definition contained in paragraph 8, § 3, of the Workmen's Compensation Law, as amended by Act No. 85 of 1926, he must be considered in his relations with defendants as a mere employee performing manual labor and not as an independent contractor. The statutory provision relied on by plaintiff reads as follows, viz.:

"The term 'independent contractor' shall be considered to mean, for the purpose of this act, any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished."

Applying the statutory provision, hereinabove reproduced, to the facts of the case, hereinabove summarized, we are compelled to hold that plaintiff was an independent contractor and not an employee of the defendants.

Under the contract between plaintiff and Haynes, plaintiff agreed for a specified recompense to do a specific piece of work, furnishing all necessary labor and material, controlled by his principal only as to results and not as to the means by which such results were accomplished.

■ The fact that plaintiff personally undertook to do the manual labor is not sufficient to exclude him from the statutory definition of an independent contractor. There was nothing in the contract that required plaintiff to do, or which prohibited him from doing, the laboring work himself. Plaintiff was not employed to do the manual labor, and whether he should or should not do such work was left solely to his own decision. The work which he performed was for his personal benefit, adding to his profit by saving him the expense of employing others to do the work for him.

Plaintiff argues that, even if he were originally an independent contractor, he had completed his contract, and that at the time of his injury he was not working under contract but as an employee of the defendant Haynes.

The Court of Appeal, in passing on this phase of the case, found that the testimony as to why the plaster had to be displaced, necessitating the retying of the laths by plaintiff, was conflicting. Plaintiff charged the fault to the plasterers, and the plasterers charged the fault to plaintiff in not giving the laths the right pitch. The Court of Appeal held that, as plaintiff was an independent contractor in putting on the laths and went back to work on the same job, the burden was on him to show by a preponderance of the evidence that his original contract was completed and a new employment begun. The Court of Appeal further held that plaintiff had failed to overcome this burden, and therefore was not entitled to any recovery. We do not find any error in these rulings.

For the reasons assigned, the judgment herein under review is affirmed.