27 So.2d 380

**ALLGOOD v. LOEB.**

No. 38044.

May 27, 1946.

Rehearing Denied June 14, 1946.

Joseph F. Blasi, Jr., S. A. Roccaforte, and John J. Blasi, all of New Orleans, for applicant.

Gordon Boswell, of New Orleans, for respondent.

PONDER, Justice.

The plaintiff, Herman Allgood, brought suit against Julian J. Loeb, doing business as National Roofing and Siding Company, and James A. Livingston, an employee of Julian J. Loeb, seeking to recover $36,-700 damages for injuries occasioned him by the negligent acts of James A. Livingston. The defendants in their answer denied any negligence on the part of Livingston, and the defendant Loeb further averred that the plaintiff was his employee and that, if entitled to recover for his injuries, the plaintiff's exclusive remedy would be for compensation under the Employers' Liability Act. Act No. 20 of 1914.

Upon trial, the lower court gave plaintiff judgment against the defendant Livingston in the sum of $7,500 and rejected plaintiff's demand against the defendant Loeb on the ground that plaintiff was Loeb's employee and not an independent

contractor. The plaintiff appealed from the decision to the Court of Appeal for the Parish of Orleans insofar as it dismissed his suit against Loeb. The defendant Livingston did not appeal. The sole question presented on the appeal was whether plaintiff was an independent contractor or an employee of Loeb. The Court of Appeal arrived at the conclusion that plaintiff was an employee of Loeb and affirmed the judgment of the lower court. The plaintiff applied for and obtained a review. The matter is now submitted for our determination.

The defendant Loeb is engaged in the business of roofing and siding buildings and operates under the trade name of "National Roofing and Siding Company." He enters into contracts to apply siding and roofing on various buildings at fixed prices. He also enters into agreements with various carpenters, skilled in fabricating and installing siding on buildings, to apply siding to buildings at a fixed price per square. It appears that he furnishes all the materials necessary to side and roof the buildings. He acquires his fabricated siding direct from the manufacturer. The defendant Livingston is employed by him in the capacity of foreman or superintendent. Livingston transports the materials to the various jobs and generally attends to Loeb's interest in the siding and roofing of the buildings.

The plaintiff and his brother are carpenters, skilled in fabricating and installing

siding. In the year 1943 and thereafter, they were employed at Higgins Industries as carpenters for five days a week with work hours from 4:25 to 1:25 a. m. They were paid by the week on an hourly basis, averaging about $75 a week. In the latter part of the year of 1943, Livingston, the superintendent or foreman for Loeb, entered into an agreement with the plaintiff and his brother to do siding work on a basis of $4.50 for each square of siding applied on any building. The plaintiff and his brother had completed siding seven buildings for Loeb prior to the accident and had practically · completed the siding of a building at Hawthorne Place at the time plaintiff was injured. The plaintiff and his brother were not required to work any particular hours and no particular time was fixed for them to complete the siding of a building. However, they were to perform their work expeditiously and in a manner that would not conflict with their regular working days with Higgins Industries. Loeb furnished the materials, equipment and ¹instruments used in the siding work, which was delivered from time to time by the defendant Livingston. The plaintiff and his brother furnished their own tools, such as hammer, saws, etc. The plaintiff and his brother were their own bosses and not under the supervision or . control of the defendants and only responsible to the defendants for the results of their work. They were paid when they had completed siding a building on the basis of $4.50 per square. It was the duty of the plaintiff and

his brother to correct any defects in their work at their own expense and not at the expense of the defendant Loeb. The plaintiff and his brother had the right under the agreement to employ helpers to assist them in their work. The contract between the plaintiff and the defendant could be terminated at the will of either party. After the plaintiff was injured his brother continued to apply siding for Loeb and employed a helper at $1 per hour.

The above statement of facts are arrived at after a careful consideration of all the testimony in this case. There was no written contract between the plaintiff and the defendant. Consequently, it was necessary to elicit the facts from the testimony and circumstances surrounding the type of work in which the plaintiff was engaged.

The plaintiff, his brother, and three other persons who performed similar work ·for the def⌐ndant testified that they had performed the work as sub-contractors. They stated that they were their own bosses and not under the control or supervision of either of the defendants, except as to the result of the work. They further testified that, under their agreement, any defects in their work were to be corrected at their expense and that they were paid for the work at the completion of the job on a unit basis. From our appreciation of Loeb's and Livingston's testimony, no supervision was actually exercised over the plaintiff and his brother. While they contend that they had the right to supervise

the work, they admit that they never exercised such right. They testified that they did not actually supervise the work of the plaintiff and his brother, for the reason that the plaintiff and his brother were reliable and competent workmen. Only one other witness testified on behalf of the plaintiff. According to the testimony of this witness, he was an employee of the defendant and worked at various jobs at a unit price and at others at an hourly wage. In fact, he stated in one place in his testimony that at one time he was paid by the week. His testimony is to the effect that he was under the supervision and control of Livingston. While he testified that he accompanied Livingston when Livingston supervised various jobs, yet he admits that he did not know the plaintiff and was not present at any time when Livingston supervised any work performed by the plaintiff. An analysis of this witness' testimony shows that he was not working under the same, or a similar, agreement as that of the plaintiff and his brother. In summing up the testimony, we find we have five witnesses testifying to facts which show that the plaintiff was engaged as an independent contractor and was performing duties as such at the time he received his injury. We find that the testimony of the two defendants show that no actual supervision was exercised over the plaintiff in his work. We cannot disregard the testimony of five witnesses and the fact no actual supervision was exercised and accept the unsupported testimony of the two defendants that they had the right to supervise the work. The testimony of the defendant's employee is of little value for the reason that the character of his employment was entirely different from that of the plaintiff's. Consequently, the conclusion is inescapable that the plaintiff was not under the supervision or control of the defendants and was only responsible to the defendants as to the result of his work.

■ Some stress is laid on the facts that the plaintiff was covered as an employee under Loeb's compensation insurance policy; was treated for his injury by the physician of the compensation insurance carrier; was carried on the pay roll; that social security and withholding taxes were deducted from his pay checks; and that the plaintiff voluntarily submitted withholding exemption certificate forms for income tax purposes so that Loeb could make the correct income tax deductions from the amounts due the plaintiff. These facts could not be construed as an admission on the part of the plaintiff that he was an employee.

Under the provisions of Section 18 of paragraph 5 of Act No. 85 of 1926, p. 123, the furnishing of medical services or the payment of compensation by the employer or his insurance carrier does not constitute an admission of liability for compensation. In the case of Doby v. Canulette Shipbuilding Co., Inc., La.App., 156 So. 51, the Court of Appeal stated that compensation payments cannot be taken into

consideration in passing on the liability of an employer and that a litigant had to depend on the proof that he was able to otherwise submit in support of the claim. If, under the expressed provision of the law, the furnishing of medical services and the payment of compensation cannot operate against an employer, it would necessarily follow that the receiving of these benefits could not operate against the employee or an independent contractor. The facts that the defendant urge should operate against the plaintiff are certainly of less magnitude and should not be considered in determining the status of the plaintiff's employment. The Court of Appeal was under the impression that the plaintiff could not be considered an independent contractor because the contract contemplated the performance of manual labor by the plaintiff on the theory that the definition of an independent contractor contained in the compensation law specifically excludes those who are employed as manual laborers. We do not subscribe to this view.

■ An independent contractor, as defined by the Employer's Liability Act, is "any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished." Paragraph 8, Section 3 of the Employers' Liability Act, as amended by Act No. 85 of 1926, p. 113.

■ The fact that the contract contemplates the performance of manual labor, and the fact that the plaintiff actually engaged in manual labor in carrying out the contract, would not transform the plaintiff into an employee if his status in all other respects was that of an independent contractor. The plaintiff performed his work free of any direction or control of the defendant. The services rendered were paid after a building was completed on a unit basis and any defects in the plaintiff's work were to be corrected at plaintiff's expense. Under such circumstances the appellate courts of this State have consistently held that the person performing such work is an independent contractor even though he personally performed manual labor in carrying out the contract. Cobb v. Long Bell Lumber Co., 16 La.App. 297, 134 So. 310; Myers v. Newport Company, 17 La.App. 227, 135 So. 767; Rodgers v. the City of Hammond, La.App., 178 So. 732; Murphy v. Tremont Lumber Company, La.App., 22 So.2d 79.

In the case of Hatten v. Haynes, 175 La. 743, 144 So. 483, 485, this Court stated: "The fact that plaintiff personally undertook to do the manual labor is not sufficient to exclude him from the statutory definition of an independent contractor. There was nothing in the contract that required plaintiff to do, or which prohibited him from doing, the laboring work himself. Plaintiff was not employed to do the manual labor, and whether he should or should not do such work was left solely to

his own decision. The work which he performed was for his personal benefit, adding to his profit by saving him the expense of employing others to do the work for him."

In the case we are now considering there was nothing in the contract requiring or prohibiting the plaintiff from performing laboring work himself. The proof of this is the fact that after the plaintiff was injured his brother employed a helper and continued to apply siding under the contract. Such being the case, the Haynes case would be authority for our holding herein. The case of Nesmith v. Reich Brothers, 203 La. 928, 14 So.2d 767, is not in point because an entirely different statement of facts were involved. The defendants stress some isolated statements made in the opinion in that case. However, upon reading the entire opinion and decree, it is apparent that there is no holding therein contrary to the views herein expressed.

This suit was brought against both of the defendants asking for a judgment against both of the defendants in solido. The injury complained of was occasioned by the defendant Livingston, the employee of the defendant Loeb. The lower court fixed the amount of damages against Livingston at $7,500. While we recognize that the amount of damages fixed in the ·judgment against Livingston is not controlling insofar as the defendant Loeb is concerned, yet, since the damages were occasioned by the negligent act of the defendant Livingston, the amount awarded by the lower court should be given consideration, unless manifestly erroneous.

From the testimony of the doctor who examined the plaintiff and the plaintiff's testimony, it appears that the plaintiff received a broken wrist and several lacerations, particularly about the head. There are two scars on his forehead, one some three and a half or four inches in length. He received a severe spinal injury, which, from the evidence, appears to render him unfit to engage in the occupation he was following. After the injury, he was placed in a cast for some eight weeks and wore a neck and spinal brace for a period of approximately three months. Two of the vertebrae of his spine are badly damaged. A mere reading of the doctor's testimony convinces us that the plaintiff will never be able to perform any manual labor, except of an extremely light character. The plaintiff was thirty-one years of age at the time of the accident, was married and had two children and was earning approximately $93 per week. Under such circumstances, $7,500 would not be excessive. We cannot say that it would be inadequate. In fact, it appears that $7,500 would be a just and reasonable amount for the injuries received.

For the reasons assigned, the judgment rejecting the plaintiff's demands against the defendant, Julian J. Loeb, is annulled and set aside. It is now ordered that there be judgment in the favor of Herman

Allgood and against the defendant, Julian J. Loeb, in the sum of $7,500, with legal interest thereon from May 16, 1944 until paid, at defendant's cost. This judgment to be treated in solido with the judgment rendered in this cause against James A. Livingston and it is not to be given the effect of a separate or additional award.

O'NIELL, C. J., dissents.

ROGERS, J., dissents, being of the opinion that the judgment of the Court of Appeals is correct and should be affirmed. Allgood v. Loeb, La.App., 22 So.2d 568.

HAWTHORNE, J., dissents and assigns reasons.

HAWTHORNE, Justice (dissenting).

I respectfully dissent from the majority opinion in this case for the reason that the services rendered by plaintiff consisted entirely of manual labor, he being a carpenter and employed only to apply siding and roofing to various buildings. Since the services rendered by plaintiff consisted entirely of manual labor, he certainly was not within the definition of "independent contractor" as laid down by Subsection 8 of Section 3 of Act No. 85 of 1926, amending the original Employers' Liability Act, Act No. 20 of 1914, which reads as follows: "* * * any person who renders service, *other than manual labor,* for a specified recompense for a specified result

either as a unit or a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished."

In the case of Nesmith v. Reich Bros. et al., 203 La. 928, 14 So.2d 767, 769, this court, in discussing the definition of "independent contractor" within the meaning of the Employers' Liability Act, said:

"The plaintiff in this case rendered service other than manual labor, by furnishing his truck and the cost of operating it. If he had rendered no other service than the furnishing of his truck and the expense of operating it, he would have been classed as an independent contractor, but in addition to that service he furnished his manual labor, and to that extent was an employee, and not an independent contractor. The definition in the statute does not give a formula for determining whether a person who renders a service consisting partly of manual labor and partly of the furnishing of the implements or equipment for the rendering of the service is an employee or an independent contractor. Perhaps the distinction should be made according to the extent of the manual labor furnished, in comparison with any other service rendered, such as the furnishing of the necessary implements or equipment for the rendering of the service. *An employee does not lose his classification as such, and be classed as an independent contractor, merely because he furnishes his own tools or implements or*

*equipment with which he renders the service, even though the recompense is for a specified result, and is not paid as daily or weekly wages, but is computed upon a specified unit of measure of the result accomplished. * * ***

"Our conclusion is that the plaintiff in this case was not an independent contractor but an employee of the defendant, under the Employers' Liability Act. * * *" (All italics ours.)

For these reasons I am of the opinion that the judgment of the district court as affirmed by the Court of Appeal is correct.