143 So.2d 838 (1962)
Wilson SAM, Plaintiff and Appellee,
v.
DEVILLE GIN, INC., et al., Defendant and Appellant.
No. 606.
Court of Appeal of Louisiana, Third Circuit.
July 5, 1962.
Concurring Opinion July 10, 1962.
Rehearing Denied September 12, 1962.
Certiorari Denied October 18, 1962.
*839 Voorhies, Labbe, Voorhies, Fontenot & Leonard, by H. Lee Leonard, Lafayette, for defendants-appellants.
Guillory, Guillory & Guillory, by Robert K. Guillory, Eunice, for plaintiff-appellee.
Lewis & Lewis, by John M. Shaw, Opelousas, for defendant-appellee.
Before TATE, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
Plaintiff alleges that while standing near the cotton press and baling machine of defendant gin company's gin, the cotton press broke open and threw a piece of steel into his right eye. Plaintiff seeks recovery in tort against Deville Gin, Inc. and its liability insurer, United States Casualty Company and, alternatively, seeks recovery against Deville Gin, Inc. alone under the workmen's compensation statute. Through its own attorney, Deville Gin, Inc. filed a motion for summary judgment dismissing it from this suit, alleging that the pleadings and the pretrial deposition of the plaintiff, Wilson Sam, "* * * clearly shows that Wilson Sam was at no time employed by Deville Gin, Inc., and that no employer-employee relationship existed between the said Wilson Sam and Deville Gin, Inc." After hearing, the district judge found that plaintiff was not an employee of Deville Gin, Inc. but was an independent contractor and dismissed the suit of plaintiff against Deville Gin, Inc. as to the alternative demand for workmen's compensation, reserving to the plaintiff all rights under his tort action. From said summary judgment, the liability insurer, United States Casualty Company, has appealed. Plaintiff did not appeal or answer the appeal.
The facts show that plaintiff is a farmer who also owns a 1954 Ford ¾ ton pickup truck which he uses to haul cotton for himself and others during the ginning season and to haul sweet potatoes to the kilns during the potato season. Plaintiff testified he had been hauling cotton for ten or twelve years, mostly to the Deville Gin. At one time in the past, he and other haulers in the area charged the farmer $4 per bale. Then all of the gins in the area entered into an agreement whereby they would pay the hauler $2 per bale and the hauler in turn could charge the farmer whatever he desired. Plaintiff's testimony shows that he was urged by Deville Gin, Inc. to try to persuade the cotton growers to send their cotton to the defendant gin company. He was promised by it that he would receive $2 per bale for every bale he delivered.
On the day in question, a local farmer had contacted Wilson Sam and asked him to haul a bale of cotton to Deville Gin, Inc. Plaintiff picked up the cotton and delivered it to said gin. The cotton was unloaded and ginned, after which plaintiff went to the pressing machine to pick up the weight ticket in accordance with the usual procedure prescribed by the gin. While plaintiff was waiting for this particular bale of cotton to be pressed, the press broke open and threw a piece of steel into plaintiff's eye.
On appeal the liability insurer contends that plaintiff was an independent contractor who spent a substantial part of his work time under the contract performing manual labor, thereby bringing himself within the coverage of the workmen's compensation act under the provisions of LSA-R.S. 23:1021(6). Appellant argues that therefore the alternative demand for workmen's compensation should not have been dismissed. If after trial on the merits it is found that plaintiff is entitled to workmen's compensation, then this is his exclusive remedy and the tort action will have to be dismissed. LSA-R.S. 23:1032.
The first issue for determination is whether plaintiff falls within the definition *840 of independent contractors as set forth in LSA-R.S. 23:1021(6) as follows:
"`Independent Contractor' means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter." (The emphasized portion was added by Act No. 179 of 1948)
We have no difficulty in concluding under the above stated facts that the plaintiff was an independent contractor of Deville Gin, Inc. He was rendering service of pecuniary benefit to said defendant under a specific contract, for a specified sum of $2 for each bale he delivered. However, he was not under the control of the gin as to the time, place or manner in which he worked, but only as to the results of his work. Most of the jurisprudence on independent contractors developed prior to the 1948 amendment mentioned above, in cases distinguishing the independent contractor from the employee, the distinction being more important at that time, because the independent contractor was expressly excluded from the workmen's compensation act, regardless of whether he performed manual labor. Since the 1948 amendment, the distinction between an employee and an independent contractor, in cases like the present one, where the contractor himself was the injured party, is of little importance because the claimant is covered by the act whether he be employee or an independent contractor. Rashall v. Fallin & Savage Timber Co., 127 So.2d 238 (3rd Cir. La. App.1961); Malone, Louisiana Workmen's Compensation Law & Practice, page 81, Sec. 73. The distinction between a contractor and an employee is still important under the provisions of LSA-R.S. 23:1061, where the injured claimant is an employee of an independent contractor suing a principal, because of the provisions for indemnity to the principal from the independent contractor. We believe the following authorities fully support our conclusion in the instant case that Wilson Sam was an independent contractor of Deville Gin, Inc.: Rashall v. Fallin & Savage Timber Co., supra, where plaintiff was a pulpwood hauler, using his own truck and being paid by the cord of wood delivered; Welch v. Newport Industries, 86 So.2d 704 (1st Cir. La.App.1956, writ of certiorari denied) in which plaintiff performed substantial manual labor in carrying out his contract to remove and haul stumps; Kline v. Dawson, 230 La. 901, 89 So.2d 385 where claimant's employer was held to be an independent contractor, rather than a vendor, cutting and hauling logs to defendant's mill for a price of so much per thousand feet of logs delivered; see also Malone, Louisiana Workmen's Compensation Law & Practice, pages 82-97, Secs. 74-80 and the many cases cited therein.
The case of Taylor v. Employer's Mutual Liability Insurance Company, 220 La. 995, 58 So.2d 206, cited by defendant gin company, held that a vendor-purchaser relationship existed between the deceased and the defendant, where the deceased purchased the timber from the landowner, then cut and hauled the logs to the mill for sale to defendant by the foot. Following a long line of jurisprudence in similar cases, our Supreme Court held that the relationship was that of vendor and purchaser rather than principal and independent contractor or employer-employee. The instant case is easily distinguishable from the Taylor case, in that here Wilson Sam did not buy cotton and sell it to the gin, nor did he haul cotton for others for sale to the gin, *841 it appearing from the evidence that the gin actually did not buy the cotton, but only ginned, pressed and baled it. Wilson Sam was paid $2 per bale for services rendered in hauling cotton under a specific agreement to this effect. Clearly, there was no vendor-purchaser relationship here. Wilson Sam was not selling cotton to the gin for himself or others.
Having concluded that plaintiff was an independent contractor of Deville Gin, Inc., the next issue is whether a substantial part of his work time in carrying out the terms of the contract was spent in manual labor. In the case of Rashall v. Fallin & Savage Timber Co., supra, this court quoted with approval from Welch v. Newport Industries, supra, language holding that the word "substantial" is not a phrase of mathematical precision, may be less than 50%, and is simply the contrary of "insubstantial or immaterial". In the same case the words "manual labor" are stated to denote work in which the physical element predominates over the mental, the distinguishing feature being whether the working man participates physically himself, rather than, so to speak "* * * aloofly directing the work in clean Sunday clothes." In the instant case, Wilson Sam had no employees and consequently he personally had to perform all of the physical labor incident to picking up the cotton, hauling it to the gin and there delivering it. He was not an independent contractor on a large scale who obtained a contract and then employed others to actually perform the physical work. Clearly, Wilson Sam is just such an independent contractor as the legislature intended to cover under the above quoted 1948 amendment to LSA-R.S. 23:1021(6).
Appellee cites Myers v. Newport Co., 17 La.App. 227, 135 So. 767, Hatten v. Haynes, 175 La. 743, 144 So. 483 and Allgood v. Loeb, 210 La. 594, 27 So.2d 380, but we note that all of these cases were decided before the 1948 amendment to LSA-R.S. 23:1021(6) at a time when the manual labor issue discussed in said cases was most important in determining whether a claimant was an employee or an independent contractor. Clearly, these cases have no application as to this issues under said 1948 amendment.
Having concluded that Wilson Sam was an independent contractor spending a substantial part of his work time carrying out the terms of the contract in manual labor, the next issue is whether such an independent contractor is entitled to workmen's compensation on the same basis as an employee, that is, a person "* * * performing services arising out of and incidental to his employment in the course of his employer's trade, business, or occupation * * *" as provided under the provisions of LSA-R.S. 23:1035, or whether the work being performed by such an independent contractor must be part of the trade, business or occupation of the principal contractor as specified under the provisions of LSA-R.S. 23:1061. This distinction is of considerable importance because if the independent contractor performing substantial manual labor is to be treated the same as an employee under the compensation act, he is covered if the injury occurs while he is performing services arising out of and incidental to his employment in the course of his employer's trade or business. On the other hand, if such an independent contractor performing substantial manual labor is to be treated the same as an employee of an independent contractor under LSA-R.S. 23:1061, then it must be shown in addition that the work being performed was a part of the trade, business or occupation of the principal. This distinction is discussed in the leading case of Horrell v. Gulf & Valley Oil Company, 15 La.App. 603, 131 So. 709 where the plaintiff was an employee of an independent contractor performing major repairs and reconstruction of defendant's manufacturing plant. Plaintiff sued the principal under the provisions of what is now LSA-R.S. 23:1061. The court stated as follows:
"Under the general provisions of the statute, as distinguished from the special *842 provisions of section 6, an employee may recover if injured by an accident arising out of and in the course of his employment, and this language has been interpreted very liberally, and it has been many times said that work need only be incidental to the general business of the master in order to bring the employee performing it within the coverage of the act.
"Section 6 is not so broad, and it is easily conceivable that, between the broad limits of the general provisions of the statute and the more restricted limits of section 6, there is a zone in which must be placed an employee who is engaged at work incidental to his employer's business, and who thus comes within the general provisions, but who, if performing the same work for an independent intermediate contractor, might be said to be not engaged in the carrying out of a part of the trade, business, or occupation of the principal."
In our opinion, a reading in context of the 1948 amendment to LSA-R.S. 23:1021 (6) indicates an apparent intention on the part of the legislature that independent contractors who perform substantial manual labor will be treated the same as employees under the workmen's compensation act. This statute states in pertinent part that independent contractors are excluded from the act "* * * unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this chapter." As is stated in Malone's Louisiana Workmen's Compensation Law and Practice, page 81, Sec. 73: "This provision seems to indicate that the independent contractor is now entitled to compensation on the same basis as an employee, provided a substantial part of his work time is spent in manual labor in carrying out the terms of the contract. At present writing this amendment has not been interpreted by our Supreme Court."
In 99 C.J.S. Workmen's Compensation § 90 pp. 314-315 we find the following pertinent statement:
"Under special statutory provisions in some jurisdictions an injured independent contractor is entitled to the benefits of the workmen's compensation act under certain conditions, as where his service was performed on or about the premises of the employer as an operation of the usual business which the employer there carries on, or where the independent contractor does not maintain a separate business and does not hold himself out to and render service to the public, or if the essence of the work he is performing is his personal labor, or if a substantial part of his work time is spent in manual labor by him in carrying out the terms of the contract."
In Louisiana we have such a special statutory provision that an independent contractor is entitled to the benefits of the workmen's compensation act under certain conditions and the only conditions stated are that "* * * a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract * * *". In our opinion, the obvious purpose of the 1948 amendment was simply to provide coverage for this type of physical laborer who previously had been denied benefits.
Another reason for our conclusion is that such an independent contractor performing substantial manual labor brings his suit under the provisions of LSA-R.S. 23:1021(6) and not under the provisions of LSA-R.S. 23:1061 which is concerned only with employees of independent contractors and their rights to proceed against the principal.
For the reasons stated above, we are of the opinion that Wilson Sam is entitled to *843 workmen's compensation benefits if he was injured while performing services arising out of and incidental to the work he was doing under his contract, the same as if he were an employee. The evidence thus far introduced in the record shows that he had delivered his load of cotton and had gone up to the press machine where he was to pick up the weight ticket. There he suffered his injury. Clearly, he was performing services arising out of and incidental to the performance of his contract with Deville Gin, Inc. to haul cotton for $2 a bale. We do not find it necessary to decide whether or not the work being performed by Wilson Sam was a part of the business, trade or occupation of Deville Gin, Inc. under the provisions of LSA-R.S. 23:1061.
In this court the appellee, Deville Gin, Inc. has filed a motion to dismiss the appeal based on the ingenious argument that since the plaintiff has not appealed the lower court judgment dismissing his workmen's compensation claim, within the delays for appeal, that judgment is now final as to the workmen's compensation claim; that the only interest of the liability insurer in this appeal is to show that workmen's compensation is the exclusive remedy; that since the workmen's compensation claim has now been rendered nugatory by plaintiff's failure to appeal, the liability insurer no longer has a sufficient interest to warrant the continuance of this appeal. Clearly, this argument has no merit. To follow it would deny the liability insurer its fundamental constitutional right of appeal. It would mean that after the lower court judgment was rendered, the plaintiff, by his own individual choice, could destroy the right of appeal of the liability insurer, an actual party defendant in these proceedings. The law is too well settled to require the citation of authority that appeals are favored in the law, must be maintained wherever possible and will not be dismissed for technicalities. It would be abhorrent to all of these well settled principals to hold that a party, by his actions, such as the plaintiff here failing to take an appeal, could destroy the right of another party to appeal a final judgment seriously affecting his interest.
Although we can foresee that after this case is remanded to the lower court, serious issues might arise as a result of plaintiff's failure to appeal from the summary judgment dismissing his alternative demand for workmen's compensation, we do not have these issues before us at the present time.
For the reasons assigned, the motion to dismiss the appeal is denied, the summary judgment appealed is reversed, set aside and annulled, and this case is remanded to the lower court for further proceedings. All costs of this appeal are assessed against the appellee, Deville Gin, Inc.
Reversed and remanded.
TATE, Judge (concurring).
This is an appeal from a summary judgment dismissing the plaintiff's claim in workmen's compensation against the defendant, Deville Gin, Inc. The issue involved before us is whether a summary judgment, based only upon pleadings and affidavits and without a full trial, should be issued because such abbreviated record shows "that there is no genuine issue as to material fact". See LSA-C.C.P. Art. 966.
Most narrowly construed, therefore, this court has simply held that, on the basis of the restricted evidence admitted for the purpose of passing upon the motion for summary judgment, the defendant Deville Gin is not entitled to a summary judgment dismissing the plaintiff's claim in compensation against it. For this reason, the writer concurs in the result reached, believing (although the court has not specifically so held) that the effect of our decision is simply to set aside the summary judgment, but not to foreclose the right of the parties in the full hearing upon the merits to produce further evidence which may or may not show whether the plaintiff's activities at *844 the time of the injury were covered by the Louisiana Workmen's Compensation Act.
In passing, I may add that, although the reasoning of the majority is a logical interpretation of the compensation act, I find it somewhat difficult to agree that the Legislature intended to apply a different test as to whether an independent contractor's employees, as against an independent contractor himself (doing substantial manual labor as a part of his duties), is within the coverage of the compensation act. As the majority notes, an independent contractor's employees are covered by the compensation statute only if the work of the independent contractor is part of the trade, business, occupation of the principal. On the other hand, as the majority construes the 1948 amendment to the statute, the independent contractor himself is covered if the duties he performs are even only incidental to the employer's trade.
Thus, for instance, in the present case, if Wilson Sam had employed a helper, and Wilson Sam and his helper were both injured while transporting cotton to the gin, we might reach the result, applying these different tests, that Wilson Sam was protected by the compensation act (for transporting cotton to the cotton gin is certainly at least "incidental to" such industry), whereas Wilson Sam's helper was not covered by the compensation act (since traditionally the transporting of cotton from the farmer's field to the gin may not be "part of" the business of operating a cotton gin).
Because the record lacks sufficient evidence to determine whether or not Wilson Sam's activities were "part of" rather than merely "incidental to" the business of operating a cotton gin, I concur with the majority result that the motion for summary judgment should have been overruled instead of sustained, there being insufficient material facts in the record to determine whether or not the summary judgment should issue on the basis of the abbreviated record.
However, a very perplexing and close additional question was presented by the defendant-appellee's motion to dismiss the defendant-appellant's appeal. This was based upon the circumstance that the summary judgment dismissed the plaintiff's claim in compensation only against the defendant-appellee (in reality, Deville's compensation insurer), to which demand the defendant-appellant (Deville's liability insurer) was not a party.
Of course, ordinarily the appeal of one defendant does not bring up the claim of the plaintiff against another defendant against whom the suit has been dismissed. See e. g., Monk v. Coal Operators Casualty Co., La.App. 2 Cir., 76 So.2d 82; Futrell v. Pacific Indemnity Company, La.App.Orl., 79 So.2d 903. The reason for this rule when applicable is that the defendant's appeal in such instances only prays that the judgment against the appealing defendant be reversed; it does not ordinarily bring into question whether the trial court correctly dismissed the suit against the other defendant.
However, where a co-defendant has an interest and is aggrieved by the judgment dismissing the suit against another defendant, then the co-defendant does have the right to appeal from the judgment dismissing the plaintiff's suit against the other defendant. See Reid v. Monticello, 215 La. 444, 47 So.2d 814, Noted, 10 La.L.Rev. 246-248 (1950).
In the present instance, I think that the defendant-appellant had sufficient interest to join with the plaintiff to have the plaintiff's demand for compensation recognized, so as to give such appellant the right to exercise the plaintiff's right to appeal from the judgment dismissing his claim in compensation. See LSA-C.C.P. Art. 2086, "Right of Third Persons to Appeal"; c. f., LSA-C.C.P. Art. 1091, especially Comment (c).
That is true in the present instance, even though the plaintiff did not appeal from the *845 summary judgment declaring that his remedy was in tort rather than in compensation, and even though technically such ruling may not have been res judicata as against the defendant-appellant in the plaintiff's claim directly against it.
In the writer's humble opinion, the present is an example of an instance where the use of the new summary judgment remedy complicates instead of expedites disposition of the litigation.
It seems preferable to me to dispose of all intertwined factual and semi-factual questions central to the case only after a full hearing on the merits, that is, after a full development of the facts. To attempt to decide borderline questions in preliminary and partial hearings deciding motions for summary judgment may very well lead to piecemeal trials and multiple appeals, a situation which in the past our Louisiana procedural law has abhorred.
See, e. g., Maryland Casualty Co. v. Gulf Refining Co., La.App. 1 Cir., 95 So.2d 734, 738: "For although undoubtedly efficiency results when issues and parties are correctly eliminated in advance of trial on the merits, just as undoubtedly inefficiency and hardship result when parties or issues are incorrectly eliminated in advance of trial on the merits, causing the necessity of remands, retrials, and multiple appeals and delays. And courts being (like all human institutions) fallible, errors must of necessity occur, as the tortuous appellate course of this case to date amply indicates. Further, the compartmentalizing of the knowledge of various witnesses as to various separately tried issues does not necessarily afford the most efficient or most convenient way to secure their testimony."
For the foregoing reasons, the writer at present respectfully concurs in the result reached by the majority.

On Application for Rehearing
En Banc. Rehearing denied. HOOD, J., dissents.