248 So.2d 908 (1971)
Lee Paul MANUEL, Sr., Plaintiff-Appellant,
v.
JENNINGS LUMBER COMPANY, Inc., et al., Defendants-Appellees.
No. 3402.
Court of Appeal of Louisiana, Third Circuit.
May 28, 1971.
Rehearing Denied June 25, 1971.
*909 Grenese R. Jackson, Jennings, for plaintiff-appellant.
Knight & Knight, by Herschel N. Knight, Jennings, Holt & Woodley, by Edmund E. Woodley, Lake Charles, for defendants-appellees.
Before FRUGE, CULPEPPER, and DOMENGEAUX, JJ.
FRUGE, Judge.
This is a tort action wherein the plaintiff, Lee Paul Manuel, Sr., sought recovery for damages and personal injuries against *910 the defendants, Jennings Lumber Company, Inc., its employee, Carl Cole, and the Jennings Lumber's public liability insurer, Travelers Insurance Company.
This suit arose out of an accident which occurred on February 26, 1968, on the premises of the Jennings Lumber Company in Jennings, Louisiana. The facts are that on the day of the accident, the plaintiff, Manuel, had gone to Jennings Lumber Company's place of business and had accompanied an employee, Carl Cole, into a wood shed to get some lumber, consisting of boards measuring 1 and ¼ inches thick by 6 and ¼ inches wide and 16 feet in length. Mr. Cole climbed the ladder and proceeded along the catwalk to one of the bins containing these boards, while Mr. Manuel walked down the aisle of the lumber shed to a point beneath the bin where Mr. Cole was unloading the lumber. While in the process of getting a board, Mr. Cole lost control of it, the board fell, and struck plaintiff's foot.
The plaintiff subsequently filed this suit against the above-named defendants. Plaintiff brought his action for personal injuries and in the alternative, plaintiff prayed for workmen's compensation benefits against Jennings Lumber Company and Travelers Insurance Company. Following a trial on the merits, judgment was rendered in favor of the plaintiff and against the defendants, Jennings Lumber Company and Travelers Insurance Company, awarding the plaintiff benefits under the Louisiana Workmen's Compensation Act, including an award for $1,000 for future medical expenses. These defendants were also ordered to pay accrued medical expenses which were fixed by the trial court. The court denied plaintiff's claim for penalties and attorney's fees. Judgment was also rendered in favor of Jennings Lumber Company and Travelers Insurance Company and Carl Cole, individually, against the plaintiff, Manuel, rejecting the plaintiff's demands on his tort claims. Additionally, the defendants, Jennings Lumber Company and Travelers Insurance, were ordered to pay all costs. From this judgment, the plaintiff, Manuel, has perfected this appeal.
The appeal had been answered by Jennings Lumber Company and Travelers Insurance Company asking that the judgment of the District Court be amended so as to eliminate the award for future medical expenses.
One of the central issues for our determination in this case concerns the status of the plaintiff, Manuel. At the time of the accident, Manuel was an independent contractor. The Jennings Lumber Company was the general contractor on a job involving the construction of a residence for Joe Black in Jennings, Louisiana. Manuel was Jennings Lumber Company's subcontractor on this job, and as a part of the subcontractor Manuel contracted to do all of the carpentry work and painting involved in constructing the residence. Jennings Lumber Company was to supply all of the building materials for the subcontracting work.
In Allgood v. Loeb, 210 La. 594, 27 So. 2d 380 (1946), our Supreme Court considered the question of the status of an independent contractor as opposed to an employee in terms of workmen's compensation benefits. In that case, it was held that the plaintiff therein was an independent contractor since he entered into contract with various persons to do siding and roofing on a job basis. The court held that the mere fact that the plaintiff performed manual labor in carrying out the contract would not make him an employee and would not alter his status as an independent contractor. Following this decision, Act No. 179 of 1948 amended the Workmen's Compensation Act to provide that "independent contractors" who themselves participate in the manual labor involved in construction or in carrying out the terms of a contract would qualify for benefits under the Workmen's Compensation Statute. LSA-R.S. 23:1021 (6) now reads:
"Independent Contractor means any person who renders service, other than *911 manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter. (Emphasis added).
This amendment to the Workmen's Compensation Act has been expressly recognized by our courts as a legislative overruling of the decision in the Allgood case. See: Taylor v. Employers Mutual Liability Insurance Co., 220 La. 995, 58 So.2d 206 (1952); Welch v. Newport Industries, 86 So.2d 704 (La.App. 1st Cir., 1956).
The trial court concluded in the instant case that a "substantial part" of the work done by Manuel, in carrying out the various contracts into which he entered was of a physical or manual nature. The court concluded that, by the plaintiff's own testimony about 40 to 60 per cent of his duties involved physical labor. The trial judge's opinion states:
"The evidence makes is abundantly clear that a substantial portion of the plaintiff's time was consumed in physical labor of his business. At the time of his injury, he was involved in the physical task of going to procure lumber in a pickup truck from the defendant's lumberyard."
The testimony in this case further reflects that Manuel was an experienced and accomplished carpenter and the carpentry work which he contracted was performed primarily by himself. Thus, we find no manifest error in the trial judge's determination that the plaintiff in this case is in fact a "working independent contractor". Under the definition of the Workmen's Compensation Act, we think the plaintiff is entitled to coverage under the Workmen's Compensation Act, and that this is his exclusive remedy against the Jennings Lumber Company and its insurer.
The next question for our determination is plaintiff's tort action against Mr. Cole, the employee of Jennings Lumber Company, individually, for any negligence of his own which resulted in injuries to the plaintiff.
The undisputed facts in this case show that when the plaintiff went to Jennings Lumber Company's yard to secure this lumber, the employee, Mr. Cole, took the plaintiff to one of the lumber warehouses and Cole climbed up onto a catwalk which ran along the lumber bins. Cole proceeded down the catwalk and began to pull a 16-foot board out of one of the binds, while the plaintiff had proceeded below the catwalk on the ground to a point directly below the bin where Cole was removing the board.
The plaintiff has argued that because there was no guard rail alongside the catwalk, upon which an employee could rest lumber being taken from the bins prior to lowering it to the floor, that this amounted to negligence. Since we have determined that the plaintiff's exclusive remedy against the Jennings Lumber Company lies in workmen's compensation benefits, we do not reach the question of whether or not the failure to have guard rails alongside the catwalk constituted negligence, because if this was negligence it could be attributed only to the Jennings Lumber Company, and not to its employee, Carl Cole.
The trial court concluded that the employee, Cole, was not negligent in attempting to remove the piece of lumber from the bin and lower it to the floor. We cannot agree with this conclusion.
Cole was attempting to remove the lumber from the bin and lower it to the floor. In the process of securing this board, Cole obviously failed to properly handle this piece of lumber. He should have handled *912 it in such a way as to safely lower it to the floor without causing injury to anyone.
There were no witnesses who saw Cole handling the board and no one could say for what reason the board got away from him. This does not, however, negative the fact that the board could have been safely handled and the fact that through inattention or inadvertence, Cole allowed the board to slip from his hands, falling several feel to the floor below and injuring the plaintiff. Thus, we hold that the defendant, Cole, was negligent in allowing the board to fall from the catwalk to the floor below.
We are convinced, however, that the trial judge correctly found that the plaintiff, Manuel, is barred from recovering from Cole in tort.
All the testimony and evidence in this case makes it abundantly clear that the plaintiff, Manuel, was quite familiar with this lumber shed and the fact that there was no guard rail on the catwalk.
The plaintiff proceeded on the floor along near the catwalk along the length of the shed and inattentively placed himself in a position on the ground below the catwalk, heedless of Cole's activity on the catwalk above. Manuel did not concern himself with the possibility that the heavy board might get away from Cole. We thing this inattention by the plaintiff amounts to a negligent act on his part and constitutes contributory negligence. The plaintiff, Manuel, is barred from recovery by his own contributory negligence.
In considering the compensation benefits to which the plaintiff is entitled, the trial court held that the plaintiff was entitled to total and permanent disability for a total of 54 weeks, from February 26, 1968, until January 14, 1969, in the sum of $35 per week. The court additionally concluded that after that period Manuel was entitled to recovery for only 10 per cent partial, permanent disability, which amounted to the sum of $10 per week for a period of 125 weeks. The court was of the opinion that this injury would necessitate future surgical fusion and that following such surgery, the plaintiff would suffer approximately 5 to 10 per cent disability. On the basis of this conclusion, the trial court additionally awarded $1,000 in damages for future medical expenses.
We are of the opinion that the award of damages for future medical expenses cannot stand. The plaintiff in this case concedes that the award cannot stand, since under the Compensation Act the employer is only responsible for medical expenses as they accrue and, as they are actually incurred. See: LSA-R.S. 23:1203. The right to claim future medical expenses is always reserved to the plaintiff in such a case but the liability for these expenses arises only as the medical expenses accrue. Thus, the award of $1,000 for future medical expenses is improper under the compensation act and cannot stand.
Both the medical and lay testimony in this case indicates that the plaintiff continues to suffer residual pain and some disability (the medical estimates range from 5 to 20 per cent) as a result of this accident.
The plaintiff contends that the trial court committed manifest error in failing to find that the plaintiff was suffering from substantial pain so as to be also entitled to total and permanent weekly disability compensation benefits. The plaintiff further contends that the evidence established that the plaintiff was totally and permanently disabled since he could no longer compete equally with other similarly qualified men who were not so physically handicapped.
The trial court based its decision on this issue primarily on the medical testimony, particularly that of Dr. Phillips, an orthopedic surgeon who treated the plaintiff from May, 1968, until January, 1969. Dr. Phillips was of the opinion, when he last saw Manuel in January, 1969, that the plaintiff was at that time able to return to his normal work as a carpenter-contractor. *913 We think this testimony was sufficient testimony upon which the trial court could have based its decision to award the plaintiff only partial, permanent disability benefits subsequent to January, 1969. The testimony in this case failed to establish that the plaintiff is totally and permanently disabled to continue his work as a carpenter-contractor. Thus, the award of the trial court for partial, permanent disability will be affirmed.
For the above and foregoing reasons, the judgment of the trial court insofar as it awards the plaintiff $1,000 for future medical expenses is amended to delete that award. In all other respects the judgment is affirmed.
As amended, the judgment of the trial court is affirmed. All costs of this appeal to be paid by the plaintiff-appellant.
Amended and affirmed.
CULPEPPER, J., dissents in part, being of the opinion that Cole was negligent and Manuel was free of contributory negligence.